**Phillip J. WICKHAM, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Nos. A–2104, A–2365.**

Court of Appeals of Alaska.

Feb. 10, 1989.

Marcia E. Holland, Asst. Public Defender, Fairbanks, Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Following a jury trial, Phillip J. Wickham was convicted of one count of manslaughter, in violation of AS 11.41.120(a)(1), and one count of third-degree assault, in violation of AS 11.41.220(a)(2). Acting Superior Court Judge Christopher E. Zimmerman found Wickham to be a second felony offender and sentenced him to consecutive terms of twenty years with five years suspended for manslaughter and five years with two years suspended for assault. Wickham appeals, contending that the trial court erred in failing to grant a hearing on the issue of whether two prior perjury convictions should have been set aside and in ruling that the prior convictions could be admitted for impeachment purposes at trial. Wickham also appeals his sentence as excessive. We remand for a hearing to determine whether Wickham's prior convictions should be set aside.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 1982, Wickham entered pleas of no contest to two counts of perjury for testimony he gave when being tried on charges of driving while intoxicated and driving while his license was suspended. He reserved his right to appeal the convictions. On February 9, 1983, Superior Court Judge Warren W. Taylor suspended the imposition of Wickham's sentence on the perjury charges and placed him on probation for three years. Wickham appealed on February 24, 1983, and this court affirmed his convictions on June 20, 1984. *Wickham v. State*, Memorandum Opinion and Judgment No. 618 (Alaska App., June 20, 1984).

It is undisputed that Wickham was on supervised probation from the time of his sentencing hearing on January 18, 1983, until February 11, 1985. On January 31, 1985, Wickham's probation officer filed a report in the superior court recommending early termination of probationary supervision. The probation report indicated that Wickham's period of probation was to expire on January 17, 1986. Judge Taylor issued an order on February 11, 1985, releasing Wickham from supervised probation and placing him on open-court probation for the remainder of his probationary period.

On August 2, 1986, more than seven months after the date indicated by the probation report for expiration of Wickham's probation, Wickham was involved in a motor vehicle accident that resulted in the death of the other driver and serious injury to a passenger in the other car. The state filed a three-count petition to revoke Wickham's probation alleging that he had been driving while intoxicated and had recklessly caused the death of one individual and the serious injury of another. The petition claimed that Wickham was still on open-court probation at the time of the incident. Wickham was later indicted on manslaughter and third-degree assault charges.

While awaiting trial, Wickham filed a motion to set aside his 1983 perjury convictions, claiming that he had successfully completed his probation on January 17, 1986—three years after his sentencing hearing. The state opposed the motion, relying on Alaska Appellate Rule 206(a)(3), which provides that, "[a]n order placing the defendant on probation shall be stayed if an appeal is taken." The state argued that, under this rule, Wickham's probationary period was automatically tolled between February 24, 1983, and June 20, 1984, when Wickham's appeal of the perjury convictions was pending. Thus, according to the state, Wickham's probation would not expire until June 20, 1987.

After a hearing, Superior Court Judge Gerald J. Van Hoomissen ruled that, upon the filing of Wickham's appeal, his probationary term had been automatically tolled by operation of Appellate Rule 206(a)(3), even though Wickham actually continued to be under probationary supervision while the appeal was pending. The judge concluded that, because of the sixteen-month period when probation was tolled, Wickham was still on probation and was therefore not entitled to have his perjury convictions set aside.

Prior to Wickham's trial, the state filed a notice of intent to use the perjury convictions to impeach Wickham if he decided to testify at trial. Wickham opposed the notice. At a hearing on the issue, Wickham indicated his intent to testify in his own behalf at trial, but only if the prior convictions could not be used for impeachment.

Through counsel, Wickham made an offer of proof concerning his proposed trial testimony. Wickham indicated that he intended to tell the jury that he was an epileptic, that he was unable to consume substantial quantities of alcoholic beverages, that on the day of the accident he had had a small amount to drink but was not under the influence, and that the erratic driving that led to the accident was the result of an epileptic seizure.

Superior Court Judge Christopher E. Zimmerman ruled that, if Wickham testified, his perjury convictions could be admitted for purposes of impeachment. In light of the court's ruling, Wickham elected not to take the stand at trial. After being found guilty by the jury, Wickham filed two separate appeals, the first challenging the superior court's order denying his motion to set aside the perjury convictions, and the second challenging his convictions for manslaughter and third-degree assault. The appeals have been consolidated for decision.

## DENIAL OF SET–ASIDE

■ Wickham's initial claim is that his perjury convictions should have been set aside. As a condition of his suspended imposition of sentence on the perjury charges, Wickham was ordered to complete three years of probation. Absent a showing of good cause, he was entitled to have his convictions set aside if he successfully

completed his probationary term. *See* AS 12.55.085(e); *State v. Mekiana*, 726 P.2d 189 (Alaska 1986).

Upon receiving a suspended imposition of sentence on the perjury charges, Wickham spent two years on supervised probation and was thereafter placed on unsupervised probation for the balance of the three-year probationary term. Although the court order that placed Wickham on unsupervised probation did not expressly state the expiration date for the three-year term, it is evident from the probation report on which the order was based that the order contemplated that the probationary term would expire on January 17, 1986—three years after Wickham's sentencing hearing and more than seven months prior to Wickham's involvement in the fatal collision.

In denying Wickham's motion to set aside the perjury convictions, Judge Van Hoomissen relied exclusively on the automatic stay of probation provided for under Appellate Rule 206(a)(3). Judge Van Hoomissen reasoned that, regardless of whether Wickham had been treated as if he was on probation while his appeal was pending, the probationary term had been stayed as a matter of law and had not resumed until the appeal was decided.

On appeal, Wickham argues that it was fundamentally unfair for the superior court to invoke Appellate Rule 206 as a basis for denial of a set-aside. Wickham emphasizes that he, his probation officer, and the sentencing court all relied on the assumption that Wickham was on probation throughout the pendency of his prior appeal. In response to Wickham, the state argues that because Appellate Rule 206(a)(3) is mandatory, Wickham could not have been on probation while he appealed the perjury convictions.[1]

1. As a threshold argument on this point, the state has argued that Wickham abandoned his challenge to the superior court's set-aside decision by withdrawing his set-aside motion. The state's position is unsupported in the record. At the hearing on the set-aside issue, after Judge Van Hoomissen ruled that a set-aside was precluded by Appellate Rule 206(a)(3), Wickham's counsel made an offer to prove, for the record, that Wickham had complied with all requirements of probation during the three years fol-

lowing his sentencing hearing. In response, the state offered proof that Wickham had violated certain conditions; the state indicated, however, that it would need a continuance to present its evidence. When Judge Van Hoomissen stated that, in his view, the state was entitled to a continuance, it became apparent that the factual issue of whether good cause existed to deny a set-aside could not be resolved prior to Wickham's trial on the manslaughter and assault

Although the state is correct in interpreting Appellate Rule 206(a)(3) as providing for an automatic stay of probation, we agree with Wickham that it would be unfair to rely on the rule as a basis for denying him credit for time that he actually spent on probation. Neither Wickham nor the probation department (nor, for that matter, the sentencing court) appears to have been aware of the automatic stay provided for under Rule 206. In all respects, Wickham was treated as if actually on probation. In our view, he is entitled to be credited with the successful completion of his probationary term unless it can be demonstrated that he did not comply with the conditions of his probation.

There appears to be a widespread lack of awareness of the automatic stay of probation provided for under Appellate Rule 206. When, as in this case, the defendant, the Department of Probation, and the sentencing court are all unaware of the automatic stay provision, and when, as a result, the defendant actually continues on supervised probation throughout the pendency of an appeal, strict adherence to Appellate Rule 206(a)(3) would arbitrarily penalize the defendant for making a diligent effort to comply with the trial court's sentencing order despite the pendency of an appeal.

Generally, a stay of execution pending appeal is intended to protect the appellant from having to serve a sentence that may later be vacated. Without a stay of execution, the relief afforded by an appeal would be impaired. *See, e.g., State v. Cirkovich,* 41 Wash.App. 275, 703 P.2d 1075, 1078 (1985) (a stay of execution is designed to preserve the "fruits of the appeal"). This basic purpose finds expression in the automatic stay of probation provided for in Appellate Rule 206. Because the purpose of the stay is to protect the appellant's right in the event of a successful appeal, applying the rule to require Wickham to

serve an additional period of probation would be anomalous.

Alaska Appellate Rule 521 allows the court to relax or dispense with an appellate rule when strict adherence would work injustice. We believe it would be unjust to require Wickham to serve an additional term of probation if he successfully complied with the conditions of his probation during the three years immediately following his original sentencing hearing. Accordingly, we apply Appellate Rule 521 to hold that Wickham's probation was not stayed by operation of Appellate Rule 206(a)(3). Assuming Wickham complied with all requirements of probation, his probationary term expired on January 17, 1986. We hold that it was error for the superior court to deny Wickham's motion for a set-aside solely on the ground that Appellate Rule 206(a)(3) had stayed his probationary term.

Consequently, Wickham is entitled to a hearing for the purpose of determining whether good cause exists to deny a set-aside of his perjury convictions. The determination of good cause must be governed by the Alaska Supreme Court's decision in *State v. Mekiana,* 726 P.2d at 193. Under *Mekiana,* good cause for denial of Wickham's motion for a set-aside must be based on conduct occurring before January 17, 1986.

## RELIANCE ON PRIOR CONVICTIONS FOR IMPEACHMENT

■ We must next consider Wickham's challenge to Judge Zimmerman's order allowing the state to rely on the perjury convictions for purposes of impeachment. As a preliminary matter, the state argues that Wickham forfeited his right to object to the trial court's order because he elected not to testify in his own behalf. The state relies on *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984),

charges, since the trial was scheduled to begin the following week. Noting that the court had already denied the motion for a set-aside as a matter of law, Wickham's counsel elected not to proceed with evidence of his compliance. Counsel stated that he would simply appeal the court's ruling on the effect of Appellate Rule

206(a)(3). Under these circumstances, it is clear from the record that Wickham withdrew only his request to present testimony on the underlying factual issue of compliance with probationary requirements and that he never abandoned the set-aside claim.

and on *Page v. State*, 725 P.2d 1082 (Alaska App.1986).

In *Luce v. United States,* the Supreme Court held, as a matter of federal evidence law, that a defendant must testify in order to preserve a claim that the trial court erred in allowing impeachment by prior conviction. The Court reasoned that, when the defendant chooses not to testify, "[a]ny possible harm flowing from a district court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative." *Luce,* 469 U.S. at 41, 105 S.Ct. at 463. According to the Court, without the defendant's testimony, the reviewing court cannot know whether the trial court would have altered its ruling in light of the defendant's testimony, whether the defendant's decision not to testify was actually motivated by the adverse ruling, or whether the prosecution would actually have used the prior conviction to impeach. The Court further reasoned that the trial court cannot precisely balance the probative value of the prior conviction against its prejudicial effect. Finally, the Court believed it virtually impossible to determine whether the trial court's ruling amounted to harmless error. *Id.,* 469 U.S. at 42, 105 S.Ct. at 463.

We found *Luce*'s reasoning persuasive under the peculiar circumstances presented in *Page v. State.* In *Page,* the state requested permission to cross-examine concerning a prior conviction if Page elected to take the stand and testify that he lacked the intent to commit the offense charged. The prior conviction was for an offense similar to the offense for which Page was being tried. The trial court ruled that cross-examination concerning the prior conviction would be proper. Page's counsel then indicated that, in light of the court's ruling, Page would not testify. Page never made an offer of proof as to what his testimony might have been.

On appeal, we found that the dangers cited in *Luce* precluded review of Page's challenge to the trial court's ruling:

> There is no way for us to know for sure if Page would have testified or how he would have testified. It is impossible to know to what extent the facts of his prior conviction would have been relevant and to what extent they would have been prejudicial. We cannot determine whether the prosecutor would have actually attempted to have the prior conviction admitted into evidence nor can we determine what the trial judge's ultimate ruling would have been in light of Page's testimony. Additionally, we cannot determine whether the details of Page's prior conviction might have been admitted. Under these circumstances, we cannot find that the trial court abused its discretion.

*Page,* 725 P.2d at 1086–87 (footnote omitted).

Although our holding in *Page* embraced the reasoning in *Luce,* we did not purport to adopt the United States Supreme Court's ruling categorically. Our decision was limited to the circumstances before us in that case. We found that Page's claim was precluded based on our conclusion that his failure to testify or to make a clear offer of proof impaired our ability to review the trial court's decision. Nothing in *Page* forecloses a defendant who decides not to risk impeachment by prior conviction from preserving the right to appeal by advancing a specific offer of proof concerning the proposed testimony.

Under the circumstances of the present case, we find that *Page* is not controlling, and we decline to follow *Luce*'s holding. When, as in this case, the record is adequate to permit meaningful review, we see no need to require the defendant to testify as a means of preserving the right to challenge an *in limine* ruling of the trial court allowing impeachment by prior conviction. Our view is consistent with the reasoning of states that have taken issue with *Luce*'s finding that a defendant's failure to testify necessarily poses insurmountable problems to the reviewing court. *See, e.g., State v. Whitehead,* 104 N.J. 353, 517 A.2d 373, 376 (1986); *State v. McClure,* 298 Or. 336, 692 P.2d 579, 584 n. 4 (1984). *But see State v. Harrell,* 199 Conn. 255, 506 A.2d 1041, 1046 (1986); *State v. Allie,* 147 Ariz. 320, 327, 710 P.2d 430, 437 (1985).

In *State v. McClure*, the Oregon Supreme Court held that a defendant may appeal an adverse ruling on a motion *in limine* to exclude evidence of a prior conviction, so long as the record shows that the defendant would have taken the stand if the challenged convictions were excluded, and so long as the nature of the defendant's testimony was outlined with sufficient particularity to allow the trial court to balance probative value and prejudicial effect. 692 P.2d at 583. In so holding, the court expressed confidence that trial judges would ordinarily be able to balance the probative value of the impeachment evidence against its potential for prejudicial effect on the basis of an offer of proof. *Id.*

Similarly, in *State v. Whitehead*, the New Jersey Supreme Court found the reasoning of *Luce* unpersuasive in light of the New Jersey Appellate Court's experience in reviewing trial court rulings on the admissibility of prior crimes for impeachment purposes. The court in *Whitehead* observed that the courts of New Jersey had had no difficulty in deciding questions of

harmless error when the trial court's rulings prevented a defendant from testifying. 517 A.2d at 374.

In our view, the present case poses few of the uncertainties discussed in *Luce* and *Page*. Wickham's counsel made it clear that Wickham's decision to testify would depend on the court's ruling on the evidentiary issue. Wickham's counsel also made a reasonably detailed offer of proof as to Wickham's proposed testimony.[2] Under the circumstances, the trial court had adequate information to enable it to balance the probative value of the impeachment evidence against its potential for prejudice to Wickham's case.[3] The record leaves little room for doubt that the state would have introduced evidence of Wickham's perjury convictions had he testified. The trial court indicated that the convictions would be admissible to impeach Wickham, regardless of the substance of his testimony. We conclude that Wickham did not forfeit his right to appeal the admissibility of his perjury convictions by electing not to testify at trial.

2. Wickham's counsel made the following offer of proof:

First of all, if the prior conviction were not used, he would testify as any other witness, without that impeachment problem. He would testify that he is an epileptic, suffers from that particular disease, had been seizure-free for a particular—quite a long period of time. And that, as a result of the epilepsy, he did consume alcohol, but in moderate amounts, because he was told to control it and not drink too much. He could consume, but not very much. I would also go on and show that—anyway, be—well, because of this, that was our defense, and, obviously, without his testimony, I can present other witnesses, a physician from the hospital that treated Mr. Wickham, who would testify that the amount of medication he was receiving was not therapeutic—it was not controlling the disease, and it was—and a physician—Dr. Martino would say that he could not rule out the fact that Mr. Wickham had a seizure at the particular time, because of the medication he was receiving was not doing its job, and he has subsequently changed that medication. But, because I do not have the defendant to testify, or, at least, under the conditions that I would prefer to have him testify, I am not offering an epilepsy defense in this case, even though I think it is a very viable one. Consequently, since the state, in the indictment and the information presented to the grand jury by way of testimony was only to the effect that Mr. Wickham

was reckless because he was intoxicated, our defense will be geared around that defense and that defense only. Obviously, again, Mr. Wickham—since recklessness is the test here, or negligence, Mr. Wickham is the only one who can really testify as to what was in his mind and what he knew and what he didn't know, and what he—what risk he took, if any. And, since he cannot testify for the reasons I've stated—and, again, I think it's extremely critical that our defense either has to be complete or it's virtually just—it would be extremely weak.

3. The state claims that Wickham's offer of proof was insufficient because it was made through counsel. The state maintains that, at a minimum, in order to preserve the issue, Wickham was required to take the stand out of the presence of the jury and present his proposed trial testimony to the court. We disagree. The trial judge has the discretion to accept a party's informal offer of proof or to require the party to make the offer formally, through actual testimony out of the presence of the jury. At the hearing conducted below, the state requested the superior court to order Wickham to present his offer by personally testifying. Judge Zimmerman declined to do so, and indicated that the offer of proof made by Wickham's counsel was sufficient to preserve the issue for appeal. We find no abuse of discretion in the trial court's refusal to require a more formal offer.

Therefore, we must decide whether the trial court erred in ruling that it would allow the perjury convictions to be used for impeachment purposes. The issue requires us to resolve two separate questions: First, assuming that Wickham was not entitled to a set-aside and that the perjury convictions could be treated as valid prior convictions, did the trial court abuse its discretion in ruling that they would be admissible to impeach Wickham if he testified? Second, did the court's error in denying Wickham's motion to set the perjury convictions aside render it improper to rely on the convictions for purposes of impeachment?

The first of these two questions is readily answered. The question is governed by Alaska Rule of Evidence 609, which requires the trial court to balance probative value against prejudicial impact:

*Impeachment by Evidence of Conviction of Crime.*

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is only admissible if the crime involved dishonesty or false statement.

(b) Time limit. Evidence of a conviction under this rule is inadmissible if a period of more than five years has elapsed since the date of the conviction....

(c) Admissibility. Before a witness may be impeached by evidence of a prior conviction, the court shall be advised of the existence of the conviction and shall rule if the witness may be impeached by proof of the conviction by weighing its probative value against its prejudicial effect.

Here, Wickham's prior convictions were for perjury—the deliberate making of false statements while under oath in a judicial proceeding. By their very nature, these convictions were extremely probative on the issue of Wickham's credibility. On the other side of the balance, given the lack of similarity between the perjury convictions and Wickham's current charges, it does not appear that the use of the prior convictions for purposes of impeachment would have been unduly prejudicial.

In assessing the probative value of the evidence, the trial court was aware of the fact that the acts of perjury for which Wickham had been convicted actually occurred more than four years previously. That time lapse, however, was still well within the limitations of A.R.E. 609(b), which allows for a period of five years from the date of conviction. The judge also knew of and was able to take into account Wickham's apparently successful service of three years of probation. Given the strong relevance of the prior convictions to the issue of Wickham's credibility, we conclude that the trial court did not abuse its discretion in ruling that the convictions would be more probative than prejudicial. *Hawley v. State,* 614 P.2d 1349, 1361 (Alaska 1980).

The remaining question—the extent to which the trial court's ruling is affected by the error in denying Wickham's motion to set aside his convictions—is more problematical. In their briefs on appeal, both Wickham and the state seem to assume that the trial court could not have allowed the perjury convictions to be used for purposes of impeachment if they had been set aside. The correctness of this assumption is debatable.

Alaska Rule of Evidence 609(d) precludes evidence of a conviction for impeachment purposes if:

(1) The conviction has been the subject of a pardon, annu[l]ment, certificate of rehabilitation, or other equivalent procedure, and

(2) The procedure under which the same was granted or issued required a substantial showing of rehabilitation or was based on innocence.

This provision is very similar to Federal Rule of Evidence 609(c). Federal cases applying this rule to prior convictions under various state statutes seem to turn on whether the state's set-aside procedures require an affirmative finding that the defendant has been rehabilitated. *See, e.g., United States v. Pagan,* 721 F.2d 24, 29 (2d Cir.1983); *Wilson v. Attaway,* 757 F.2d 1227, 1244 (11th Cir.), *rehearing denied,* 764 F.2d 1411 (11th Cir.1985); *United*

*States v. Potts,* 528 F.2d 883, 885 (9th Cir.1975) (en banc).

Alaska's set-aside statute, AS 12.-55.085, does not expressly require a finding of rehabilitation. Under AS 12.55.085(d), a person who has been given a suspended imposition of sentence must be discharged without the imposition of a sentence when that person successfully completes the period of probation specified in the original sentencing order. Under AS 12.55.085(e), upon discharge, "the court may set aside the conviction and issue to the person a certificate to that effect."

While it is obvious that the statutory provisions governing suspended impositions of sentence and set-asides are generally calculated to promote the rehabilitation of deserving offenders, it is uncertain whether a set-aside order issued pursuant to AS 12.55.085(e) should be construed to represent an affirmative finding of rehabilitation. Both this court and the Alaska Supreme Court have construed AS 12.55.-085(d) and (e) to require set-asides to be granted unless the state can establish good cause for denial. *State v. Mekiana,* 726 P.2d 189, 193 (Alaska 1986); *Mekiana v. State,* 707 P.2d 918, 921 (Alaska App.1985). These decisions seem consistent with the view that no affirmative showing or finding of rehabilitation need be made before a set-aside is granted; rather, a set-aside should be granted as a matter of right unless some specific reason for denial is established.

Because this issue is a significant one, and because it has not been addressed on appeal by either party, we believe it prudent to request additional briefing before deciding whether, under A.R.E. 609(d), a conviction that has been set aside under AS 12.55.085 can be relied upon for purposes of impeachment.

We also believe that additional briefing is necessary on a closely related point. In their briefs, both parties seem to assume that if Wickham is entitled to have his perjury convictions set aside, he will also be entitled to a new trial on the manslaughter and assault charges. Again, the correctness of the assumption seems to us to

be uncertain. Alaska Rule of Evidence 609(d) precludes reliance on a prior conviction only if it "has been the subject of a pardon, annu[l]ment, certificate of rehabilitation, or other equivalent procedure...." Under the literal terms of A.R.E. 609(d), reliance on Wickham's prior perjury convictions would not be precluded unless and until they had actually been set aside. Even though the trial court erred in denying Wickham's set-aside motion without inquiry into the issue of good cause, and even though Wickham may ultimately be found to be entitled to have his convictions set aside, the fact remains that the convictions had not actually been set aside at the time of his trial.

We are aware of no appellate decision dealing with circumstances that are factually identical to Wickham's. An analogous situation has arisen, however, when trial courts have allowed impeachment based on prior convictions that were still pending on appeal. There appears to be a split of authority on the question of whether eventual reversal of the prior conviction requires a new trial to be granted in the case in which the conviction was relied upon for impeachment. *Compare State v. Kiser,* 111 Ariz. 316, 529 P.2d 215, 216 (1974), and *United States v. Soles,* 482 F.2d 105, 107–08 (2d Cir.), *cert. denied,* 414 U.S. 1027, 94 S.Ct. 455, 38 L.Ed.2d 319 (1973) *with Bloch v. United States,* 238 F.2d 631 (9th Cir. 1956), *cert. denied,* 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); and *Nicholson v. State,* 254 So.2d 881, 883–84 (Miss.1971). *See also* commentary to A.R.E. 609(f).

Neither party has considered or discussed this issue on appeal. We believe the issue to be sufficiently important to require that it be fully briefed before we decide it.

## CONCLUSION

We conclude that the superior court erred in ruling as a matter of law that Wickham's probation was automatically stayed under Appellate Rule 206(a)(3) and in denying Wickham's motion to set aside his perjury convictions on that ground. Accordingly, Wickham's case must be re-

manded for a factual hearing to determine whether the perjury convictions should be set aside. In the event the trial court finds, on remand, that Wickham is not entitled to a set-aside, Wickham may challenge the court's finding by renewing this appeal. At that time, in addition to briefing any new issues relating to the proceedings on remand, both parties will be required to submit additional briefing as provided for herein.

If, following a hearing, it is determined that there is no good cause to deny the motion for a set-aside, Wickham will be entitled to resentencing as a first felony offender. *See Mekiana v. State,* 707 P.2d 918, 920 (Alaska App.1985), *rev'd on other grounds,* 726 P.2d 189 (Alaska 1986); *Larson v. State,* 688 P.2d 592 (Alaska App. 1984). The court should proceed to conduct a new sentencing hearing on Wickham's manslaughter and assault convictions, treating Wickham as a first felony offender for presumptive sentencing purposes. In accordance with our decision in *Larson,* 688 P.2d at 594, however, the court may, in reimposing sentence, consider the conduct involved in Wickham's prior offenses. After being resentenced, Wickham may renew this appeal and may raise any sentencing issues arising from the imposition of the new sentence. Again, upon renewal of the appeal, the parties will be required to submit additional briefing as provided for herein.

Pending completion of proceedings on remand, we will retain appellate jurisdiction and reserve ruling on Wickham's sentence appeal, as well as on the remaining issues presented in his merit appeal.

The court's order denying Wickham's motion to set aside his prior convictions is REVERSED. This case is REMANDED for further proceedings.