NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| DALE G. STARKEY,<br><br>          Petitioner,<br><br>          v.<br><br>STATE OF ALASKA,<br><br>          Respondent. | Court of Appeals No. A-11514<br>Trial Court No. 4FA-08-2424 CR<br><br><br>O P I N I O N<br><br><br>No. 2526 — October 28, 2016 |

Petition for Review from the Superior Court, Fourth Judicial District, Fairbanks, Paul R. Lyle, Judge.

Appearances: Robert John, Law Office of Robert John, Fairbanks, for the Petitioner. J. Michael Gray, District Attorney, Fairbanks, and Michael C. Geraghty, Attorney General, Juneau, for the Respondent.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge ALLARD.

In this petition for interlocutory review, we are asked to decide whether the superior court violated due process and the prohibition against double jeopardy when it

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

rescinded a prior court order erroneously discharging a defendant from probation and setting aside his conviction. For the reasons explained here, we conclude that the court had the authority to rescind its plainly erroneous discharge and set-aside order.

*Factual background and prior proceedings*

Following a bench trial, Dale G. Starkey was convicted of fourth-degree misconduct involving a controlled substance for possessing 25 or more marijuana plants.[1] At sentencing, the superior court granted Starkey a suspended imposition of sentence (SIS) and placed him on supervised probation for two years.[2]

Starkey subsequently appealed his conviction, which automatically stayed his probation under Alaska Appellate Rule 206(a)(3).[3] This appellate rule provides that "[a]n order placing the defendant on probation *shall* be stayed if an appeal is taken and the defendant received a suspended imposition of sentence."[4] Under this rule, the court can order the probation to commence notwithstanding the pendency of the appeal but only at the defendant's request.[5]

---

[1] AS 11.71.040(a)(3)(G).

[2] *See* AS 12.55.085(a) (authorizing a court to suspend imposition of sentence for certain offenses "if it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served").

[3] *See* Alaska R. App. P. 206(a)(3) (providing for automatic stay of probation for a defendant who receives a suspended imposition of sentence or "a composite term of imprisonment that is suspended in its entirety"); *see also Wickham v. State*, 770 P.2d 757, 760 (Alaska App. 1989) ("There appears to be a widespread lack of awareness of the automatic stay of probation provided for under Appellate Rule 206.").

[4] Alaska R. App. P. 206(a)(3) (emphasis added).

[5] *Id.* ("The defendant may move the sentencing court to commence probation

(continued...)

Starkey did not request that his probation begin during the pendency of his appeal and his probation therefore remained stayed as a matter of law until his appeal became final.

(Notwithstanding this stay, Starkey apparently served five months on supervised felony probation because the probation department did not initially realize that Starkey had appealed his conviction and that his probation was therefore automatically stayed. Once the probation department recognized its mistake, however, Starkey's time on supervised probation ended and the stay continued — leaving the majority of Starkey's probation time still unserved.[6])

Two years into the pendency of Starkey's appeal, while Starkey's probation remained stayed under Appellate Rule 206(a)(3), the superior court issued a notice to the parties under the mistaken belief that Starkey had continued to serve his probation during the pendency of his appeal and his probationary term was therefore close to expiring.[7] The court's notice incorrectly stated that Starkey's probation "was about to expire," and also specifically warned the District Attorney's Office and the Department of Corrections that, 30 days after Starkey's probation expired, the court would issue an order discharging Starkey from probation and setting aside his conviction — unless the State

[5] (...continued)
immediately. If the defendant's motion is granted, the sentencing court shall issue an order specifying when the defendant's probation will commence.").

[6] We note that Starkey may be entitled to credit for the time spent on supervised felony probation provided that he was in compliance with his probation during that time. *See, e.g.*, *Wickham*, 770 P.2d at 760 (granting credit for defendant who successfully completed supervised felony probation, even though his probation was technically stayed under Appellate Rule 206(a)(3)).

[7] *See* Alaska R. Crim. P. 35.2(b) ("The court shall notify the state at least 20 days prior to the expiration of defendant's probationary term that the court will consider whether to discharge the defendant from probation and to set aside the defendant's conviction.").

"show[ed] cause why the discharge date should be postponed or unless a petition to revoke probation is filed."[8]

Neither the District Attorney's Office nor the Department of Corrections responded to the court's erroneous notice.

In March 2012, this Court issued its decision affirming Starkey's conviction.[9] Following our decision, Starkey petitioned for hearing to the Alaska Supreme Court, which denied the petition on July 9, 2012.[10]

At this point, Starkey's appeal was final, the automatic stay under Appellate Rule 206(a)(3) was lifted, and Starkey's probation should have begun. But this is not what happened. Instead, based on its mistaken belief that Starkey had long since successfully served his full term of probation, the superior court issued an order mistakenly discharging Starkey from his probation and setting aside his conviction.

The court's order stated (erroneously):

> The period of probation has expired without the court imposing sentence and defendant is entitled to be discharged under the provisions of AS 12.55.085(d) and Criminal Rule 35.2.

> IT IS ORDERED that the case is closed and the defendant is discharged by the court without imposition of sentence.

---

[8] *Id.*; *see also State v. Mekiana*, 726 P.2d 189, 193 (Alaska 1986) (holding that defendants who have been granted suspended imposition of sentences and successfully complete their probationary terms are entitled to have their convictions set aside absent a showing of good cause by the State).

[9] This Court issued its decision affirming Starkey's conviction on March 9, 2012. *See Starkey v. State*, 272 P.3d 347 (Alaska App. 2012). Starkey filed a petition for re-hearing to this Court, which was denied. Starkey then filed a petition for hearing with the Alaska Supreme Court, which was denied on July 9, 2012.

[10] *See* Alaska R. App. P. 512(a)(2)[a].

. . . .

> IT IS FURTHER ORDERED that Judgment of conviction is hereby set aside, and that a copy of this Order shall serve as defendant's certificate pursuant to AS 12.55.085(e).

The order was distributed to the parties on August 7, 2012. The State did not timely object to the order as erroneous; nor did the State appeal the order.

About a month later, on September 11, 2012, Starkey was arrested for an unrelated misdemeanor assault charge. Following Starkey's arrest, the State filed a petition to revoke Starkey's probation, arguing that the court's discharge and set-aside order was issued erroneously and was therefore without any legal effect. The State's petition further alleged that Starkey had violated his probation by (1) committing the new misdemeanor assault; and (2) failing to report to his probation from "March to September 2012."

Starkey moved to dismiss the State's petition to revoke his probation, arguing that jeopardy had already attached to the court's discharge and set-aside order. Starkey also argued that it would violate due process to allow the petition to revoke probation to proceed given the State's failure to timely object to the court's order.

The superior court denied Starkey's motion to dismiss. Relying on this Court's decision in *Champion v. State*,[11] the superior court ruled that the discharge and set-aside order was void *ab initio* (void "from the beginning") because the court lacked the statutory authority to grant Starkey a mandatory discharge from his probation before he had actually completed his probation. Based on this reasoning, the court vacated the

---

[11] 908 P.2d 454, 469 (Alaska App. 1995) (holding that a court order granting a conviction set-aside to a defendant who was legally ineligible to receive a set-aside was void *ab initio*); *see also Richey v. State*, 717 P.2d 407, 410-11 (Alaska App. 1986) (same).

prior order, reinstated Starkey's original SIS, and scheduled a hearing to address the underlying merits of the State's petition to revoke Starkey's probation.

Starkey petitioned this court for interlocutory relief. At the direction of the Alaska Supreme Court, we granted the petition and ordered supplemental briefing.

*Did the protections against double jeopardy attach to the court's order?*

Under AS 12.55.085(a), a court may suspend imposition of sentence for certain crimes when there are circumstances in mitigation or the ends of justice will otherwise be served by the suspension. When the court imposes an SIS, the court must place the defendant on probation "for a period of time, not exceeding the maximum term of sentence that may be imposed or a period of one year, whichever is greater."[12]

If the defendant later violates the terms of his probation, the court has the discretionary authority under AS 12.55.085(c) to revoke the defendant's probation and to impose a regular criminal sentence. If, however, the defendant successfully completes his full term of probation without imposition of sentence, the defendant is then entitled to a mandatory discharge from probation and the court is required to discharge the defendant from probation.[13]

In addition to the mandatory discharge from probation, the court also has the discretionary authority to end the defendant's probation early if the court finds that

---

[12]   AS 12.55.085(a).

[13]   AS 12.55.085(d) ("if the court has not revoked the order of probation and pronounced sentence, the defendant *shall*, at the end of the term of probation, be discharged by the court") (emphasis added).

"the ends of justice will be served" and "the good conduct and reform of the person held on probation warrant it."[14]

Once a defendant has been validly discharged from probation without imposition of sentence, the court has the authority under AS 12.55.085(e) to set aside the defendant's conviction.[15]

Here, the record is clear that the superior court discharged Starkey from probation and set aside his conviction because the court mistakenly believed that Starkey had successfully completed his full term of probation and was therefore entitled, as a matter of law, to a mandatory discharge from probation under AS 12.55.085(d).[16] When the superior court realized its mistake, the court then rescinded its order as void, relying on this Court's decision in *Champion*.[17]

But *Champion* dealt with a different (albeit related) problem. In *Champion*, the erroneous set-aside was issued to a defendant who had already lost his SIS and had just finished serving probation on a regular criminal sentence.[18] The defendant in *Champion* was therefore no longer eligible under the law to receive a conviction set-aside and the court likewise had no authority to grant one.[19]

---

[14]   AS 12.55.085(d).

[15]   Alaska Statute 12.55.085(e) provides that "*[u]pon the discharge by the court* without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect." (emphasis added).

[16]   *See* AS 12.55.085(d); Alaska R. Crim. P. 35.2; *Mekiana*, 726 P.2d at 193.

[17]   908 P.2d at 467; *see also Richey*, 717 P.2d at 410-11.

[18]   *Champion*, 908 P.2d at 469-70.

[19]   *Id.*

In contrast, here, the court issued the erroneous order to a defendant who still had his SIS and who was eligible to receive a conviction set-aside.[20] Moreover, the court had the statutory authority (in theory at least) to discharge the defendant from his probation early *if* the court found that "the ends of justice" would be served by the early discharge and *if* the court found that the defendant's "good conduct and reform" warranted the early discharge.[21]

The problem in Starkey's case, however, is that it is clear from the face of the order that the superior court was not exercising this discretionary authority here. The order states (erroneously) that Starkey's probation has expired and that Starkey is therefore entitled to discharge from his probation as a matter of law. The order does not contain any of the necessary findings regarding "the ends of justice" or any findings regarding Starkey's "good conduct and reform." Nor was the court in any position to make such findings given its limited (and inaccurate) knowledge of Starkey's probation.

The critical question in Starkey's case, therefore, is whether the superior court nevertheless retained the authority to correct its mistake once it became clear that Starkey had not completed his term of probation and Starkey was not entitled to discharge from his probation as a matter of law.

The District of Columbia Court of Appeals faced a similar question in *Lindsay v. United States*.[22] In *Lindsay*, the trial court issued an order discharging the juvenile defendant from probation — thereby setting aside the juvenile's conviction — based on a probation report that mistakenly declared that the juvenile had successfully

---

[20]  AS 12.55.085(e).

[21]  AS 12.55.085(d).

[22]  520 A.2d 1059 (D.C. 1987).

completed his term of probation.[23] As in Starkey's case, the erroneous basis for the court's discharge order was clear on the face of the order. When the court discovered its mistake almost a month later, the court issued a new order vacating the prior discharge and set-aside order and reinstating the juvenile's probation.[24] The juvenile then appealed, arguing that the trial court had no authority to vacate its prior order and that its actions violated the prohibition against double jeopardy.[25]

The Court of Appeals for the District of Columbia rejected the juvenile's claims. The court found no merit to the juvenile's contention that a set-aside order was the functional equivalent of a jury acquittal, reasoning that because a set-aside "does not alter the fact of conviction but rather shields it from public view and effect, [it] cannot be equated to, and indeed is distinctly different from, the final and unqualified act of an acquittal."[26] The court also found no merit to the juvenile's claim that vacating the prior order would put the juvenile twice in jeopardy, noting that "the vacation of the erroneous order simply reinstates the original probationary status; no new prosecution or new punishment is involved."[27]

Instead, the court analogized the plainly erroneous discharge and set-aside order to an illegal sentence that is unauthorized by the law or to an erroneous post-verdict judgment of acquittal, neither of which are considered final judgments for

---

[23] *Id.* at 1061.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 1063.

[27] *Id.*

purposes of the double jeopardy clause.[28] The court therefore concluded that the trial court had the authority to vacate the erroneous order at issue in this case — which the court characterized as "patently erroneous both in fact and in law" — without violating any vested rights under the double jeopardy clause. [29]

Other courts have come to similar conclusions when faced with similarly erroneous conviction set-aside orders.[30] Our case law also recognizes that jeopardy does not attach to a sentence that is otherwise unauthorized by law.[31]

Applying these same principles to Starkey's case, we conclude that jeopardy did not attach to the plainly erroneous discharge and set-aside order issued here. The trial court therefore had the authority to correct its earlier mistake and to reinstate the original terms of Starkey's SIS without violating the constitutional prohibitions against double jeopardy.

---

[28] *Id.  See also Evans v. Michigan*, 133 S. Ct. 1069, 1081 n.9 (2013) ("If a court grants a motion to acquit after the jury has convicted, there is no double jeopardy barrier to an appeal by the government from the court's acquittal, because reversal would result in reinstatement of the jury verdict of guilt, not a new trial.") (citing *United States v. Wilson*, 420 U.S. 332 (1975)).

[29] *Lindsay*, 520 A.2d at 1063 ("This is not necessarily to say that a set aside, once made, can be vacated under any and all circumstances without implicating double jeopardy concerns; [o]n the facts here, however, the set aside can have no more protected status than the erroneous order of early discharge upon which it depends.").

[30] *See, e.g.*, *Newton v. United States*, 613 A.2d 332, 335 (D.C. 1992); *Pestana v. State*, 762 S.E.2d 178, 181-82 (Ga. App. 2014); *People v. Brock*, 2007 WL 2275628, at *1-2 (Mich. App. Aug. 9, 2007) (unpublished); *People v. Mueller*, 2000 WL 33519527, at *1 (Mich. App. Apr. 21, 2000) (unpublished).

[31] *See Shagloak v. State*, 582 P.2d 1034, 1037-38 (Alaska 1978).

*Starkey's due process arguments*

Starkey separately contends that the court's actions in reinstating his probation violated due process, relying primarily on the Alaska Supreme Court's decision in *Doe v. State, Dept. of Public Safety*.[32]

But *Doe* is inapposite to Starkey's case. In *Doe*, the Alaska Supreme Court held that it would violate due process to impose sex offender registration requirements on a defendant whose sex offense conviction had been validly set aside prior to the legislature's enactment of these requirements.[33] Whether Doe's conviction had been validly set aside was not at issue in *Doe*. Nor was there any dispute that the sex offender registration requirements represented additional burdens on the defendant that had not been part of his original criminal judgment.[34]

Here, in contrast, the underlying validity of the set-aside order is directly at issue. Moreover, unlike the defendant in *Doe*, Starkey does not face any additional burdens other than the burdens previously imposed as part of his original suspended imposition of sentence. Starkey's reliance on *Doe* is therefore misplaced.

Starkey also argues that due process has been violated in this case because (according to Starkey) the State waived its right to challenge the erroneous order by failing to timely object to the order when it was initially issued.

We agree that there may be circumstances where principles of equity and fundamental fairness preclude a court from correcting an earlier erroneous order — cases, for example, where there has been inexcusable neglect on the part of the State in bringing the mistake to the court's attention and a showing of reasonable detrimental

---

[32] 92 P.3d 398 (Alaska 2004).

[33] *See id.* at 399, 411-12.

[34] *See id.* at 411.

reliance on the part of the defendant. But, given the record currently before us, we do not find those circumstances here. The delay in this case was less than a month, and Starkey has not shown (or even argued) any reasonable detrimental reliance on the court's erroneous order.

Accordingly, we find no due process violation based on the State's failure to timely object to the erroneous order.

We are nevertheless troubled by the allegations in the State's petition to revoke probation, which rely primarily on conduct that is alleged to have occurred *after* the court issued its erroneous order and *before* the State drew the court's attention to its mistake.

The petition alleges that Starkey violated his probation by (1) failing to report to his probation officer from "March to September 2009;" and (2) by committing a misdemeanor assault on September 11, 2009. But the record is clear that Starkey's probation remained stayed from March to July 9, 2009 under Appellate Rule 206(a)(3). The record is also clear that the erroneous order was distributed to the parties in early August 2009 and there was no objection to the order as erroneous until after September 11, 2009 (when Starkey was arrested on the alleged misdemeanor assault).

At oral argument, the State acknowledged that it would violate due process to revoke a defendant's probation for failing to report to his probation officer when there was no duty to report because the probation was either stayed as a matter of law or because the probation appeared to have been terminated by court order. The State also conceded that a defendant must receive clear notice of their duty to report, and it acknowledged that it did not know what notice, if any, Starkey had received.[35]

---

[35] *See, e.g.*, *Marunich v. State*, 151 P.3d 510, 522 (Alaska App. 2006) (probationers have a due process right to reasonable notice of their probation and their probation conditions).

We also question the fundamental fairness of revoking a defendant's probation for conduct — even arguably criminal conduct — that occurred during the time period that the defendant reasonably believed that his probation had been terminated by court order.

We therefore conclude that there are due process considerations that will need to be litigated by the parties should the State's petition to revoke probation continue to move forward. But we also conclude that it would be premature for us to resolve these issues in this forum given the lack of clarity regarding how this case will next proceed and given the fact that the superior court is in the better position to determine the relevant facts and the underlying equities at issue here.

*Conclusion*

The superior court's decision to vacate its prior order erroneously discharging Starkey from probation and setting aside his conviction is AFFIRMED. This case is REMANDED to the superior court for further proceedings on the State's petition to revoke probation, as appropriate. We do not retain jurisdiction.

2526