**Virgil VAUPEL, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 84–246.**

Supreme Court of Wyoming.

Nov. 19, 1985.

Leonard D. Munker, State Public Defender, Martin J. McClain, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, Gerald M. Gallivan, Director, Defender Aid Program, and James T. Dinneen, Student Intern, Defender Aid Program, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Cheyenne, and Jon T. Dyre, Student Intern, Prosecution Assistance Program, Laramie, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant Virgil Vaupel was convicted by a jury of embezzlement by an employee, under § 6–7–310, W.S.1977.[1] The district court ruled at pretrial that Vaupel's five prior felony convictions were admissible for impeachment purposes under Rule 609(b), Wyoming Rules of Evidence. Vaupel did not testify at trial. The jury found him guilty. Vaupel now challenges the propriety of the trial court's pretrial ruling and raises the following issues:

"I. Whether Appellant, who elected not to testify during his trial, can preserve on appeal his challenge to the trial court's ruling on a motion for an order to exclude evidence of prior criminal convictions.

"II. Whether the trial court erred in ruling that Appellant's prior criminal convictions would be admissible for impeachment purposes, despite the fact

---

1. The statute in effect at the time the crime was committed, § 6–7–310, W.S.1977, now § 6–3–402, W.S.1977 (June 1983 Replacement), read:

"Every officer, agent, attorney, clerk, servant or employee of any person who, having access to, control or possession of any money, article or thing of value, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete or in any way whatever appropriate to his own use, or to the use of others, any money, coin, bills, notes, credits, choses in action, or other property or article of value, belonging to or deposited with, or held by such person, in whose employment said officer, agent, attorney, clerk, servant or employee may be, shall be deemed guilty of embezzlement and shall be imprisoned in the penitentiary for not more than fourteen (14) years."

that almost 17 years had passed since the Appellant was released on parole for such conviction."

We will affirm.

Appellant was charged by information filed October 4, 1983, with "embezzlement by employee," six counts of fraud by check, and being an habitual criminal. At the arraignment appellant entered a plea of not guilty to all counts. Subsequently, appellant's motion to dismiss the habitual criminal count was granted. At trial on May 7 and 8, 1984, the jury found appellant guilty on the embezzlement by employee count, but not guilty on all of the counts of fraud by check. The judgment and sentence was entered August 28, 1984, wherein appellant was sentenced to one and one-half to two and one-half years in the penitentiary; such sentence was suspended subject to a two-year probation period.

Appellant claims that the trial court abused its discretion in ruling that his seventeen year old criminal convictions would be admissible for impeachment purposes. Since we will decide the first issue against appellant, we need not address the second issue.

In a recent case, *Luce v. United States*, —— U.S. ——, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), the court held that when a defendant does not testify, he cannot raise the propriety of the trial court's ruling on his motion in limine to exclude the introduction of his prior convictions under Rule 609(a), Federal Rules of Evidence. Rule 609(a), F.R.E., identical to our Rule 609(a), W.R.E., states the general rule for impeachment by evidence of a crime:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one (1) year under the law which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty

or false statement, regardless of the punishment."

The rationale for the Supreme Court's decision in Luce is that reviewing "subtle evidentiary questions outside a factual context" is very difficult under Rule 609(a), F.R.E. To balance the probative value with the prejudicial effect of a prior conviction, "the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify." *Luce v. United States*, supra, 105 S.Ct. at 463. In the case before us, Vaupel made an offer of proof to advise the court what his testimony would have been. In *Luce* the court condemned the use of an offer of proof, recognizing, however, the possible variation between the proffer and the actual testimony. It is also clear that if a defendant does not testify, it is speculation as to how, or if, the prior convictions would have been offered, especially since a trial court's preliminary ruling is subject to change or modification at trial.

Appellant argues that an improper preliminary ruling prevented him from testifying. He contends the court's ruling "changed the course of his trial and prejudiced his defense," because the error forced him to make the decision not to testify. This argument was also addressed in *Luce v. United States:*

"Because an accused's decision whether to testify 'seldom turns on the resolution of one factor,' [Citation.] a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify." 105 S.Ct. at 463–464, quoting *New Jersey v. Portash*, 440 U.S. 450, 467, 99 S.Ct. 1292, 1301, 59 L.Ed.2d 501, 515 (1979).

We agree that the decision whether to testify or not is complex. The mere fact that a defendant does not testify does not inevitably lead to the conclusion that the reason for his decision was an improper preliminary evidentiary ruling. Whether the ruling was proper or not, the defendant still has the choice of whether or not to testify.

Appellant argues that requiring a defendant to testify in order to preserve the issue on appeal violates his right to remain silent under the Fifth Amendment to the United States Constitution and Art. 1, §§ 9 and 10 of the Wyoming Constitution. Appellant cites *Brooks v. Tennessee*, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972). In that case the court held that a statute which required the defendant to testify before any other defense witness, violated the federal constitution because in order to defend at all, the defendant was required to testify first. However, that is not the circumstance here.

The court in *Luce*, however, not only pointed out that it has never held that a ruling in limine under Rule 609(a) reaches constitutional dimensions, but suggested this type of ruling does not reach that threshold. Such a ruling can be changed and modified during the course of a trial for whatever reason. *United States v. Oakes*, 565 F.2d 170 (1st Cir.1977). Thus, a ruling on a motion in limine is "essentially an advisory opinion by the trial court." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983).

We recognize that the *Luce* case was decided under Rule 609(a), F.R.E., and that the present case arises under Rule 609(b), W.R.E., which deals with the time limit of impeachment evidence. The relevant part provides:

> "Evidence of a conviction under this rule is not admissible if a period of more than ten (10) years has elapsed since the date of the conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. * *"

We find the justification for the rule of *Luce* even stronger under Rule 609(b) than under Rule 609(a). Rule 609(a) requires an initial balancing of probative value and prejudicial effect. However, Rule 609(b) additionally mandates a second determination. Under Rule 609(b), the court must view specific facts and circumstances and decide not only that the probative value outweighs the prejudicial effect, but also that the probative value is "substantially" outweighed. Thus, the scale must tip further under Rule 609(b). McCormick on Evidence, Impeachment, § 43 (3rd ed., 1984), citing *United States v. Beahm*, 664 F.2d 414 (4th Cir.1981).

The factual circumstances of a case necessary to properly weigh the probative value against prejudicial effect are even more important under Rule 609(b) than Rule 609(a). Therefore, the policy considerations behind *Luce* are equally, if not more, applicable to Rule 609(b), and the potential problems even greater.

We hold that if an accused does not testify, he does not preserve the issue of the propriety of a ruling on his motion in limine for appeal. Additionally, we hold that such rulings do not reach nor violate the Fifth Amendment to the United States Constitution or Art. 1, §§ 9 and 10 of the Wyoming Constitution.

Affirmed.