STATE of Alaska, Petitioner,

v.

Phillip J. WICKHAM, Respondent.

No. S–3233.

Supreme Court of Alaska.

Aug. 3, 1990.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecution and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for petitioner.

Marcia E. Holland, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for respondent.

Before MATTHEWS, C.J., and BURKE and MOORE, JJ.

## OPINION

MATTHEWS, Chief Justice.

Phillip J. Wickham was tried for manslaughter and third-degree assault. In an *in limine* ruling, the trial court decided that if Wickham testified the state could impeach him with evidence of prior convictions. Wickham chose not to testify and was convicted. On appeal, the court of appeals held that the ruling was reviewable even though Wickham did not testify, but reserved making a final disposition pending remand for further proceedings in the trial court.

We granted the state's petition for hearing to decide whether criminal defendants must testify to preserve for review a claim of improper impeachment by prior conviction. We hold that criminal defendants must testify to preserve this issue for review, but give our ruling only prospective application.

## FACTS AND PROCEEDINGS

In September 1982, Wickham entered pleas of no contest to two counts of perjury for testimony given when being tried for driving while intoxicated and driving with a suspended license. In February 1983, he was given a suspended imposition of sentence and was placed on probation for three years. Wickham appealed, and sixteen months later the court of appeals affirmed the convictions.

In August 1986, Wickham was involved in a motor vehicle accident which killed the other driver and seriously injured a passenger in the other car. Wickham was indicted on manslaughter and third-degree assault charges. The state suggests that he was driving while intoxicated.

While awaiting trial, Wickham moved to set aside his 1983 perjury convictions, claiming that he had successfully completed his probation. The trial court denied the motion, finding that Wickham was still on probation. The court reasoned that Wickham's probationary period was automatically tolled under Appellate Rule 206(a)(3) for

the sixteen-month period during which Wickham's appeal of the convictions was pending.[1]

Prior to Wickham's trial, the state filed a notice of intent to use the perjury convictions to impeach Wickham if he testified. Wickham opposed the notice and, at trial, the state reiterated its intent to impeach Wickham with the convictions if he took the stand.

At a hearing on the issue, defense counsel indicated that Wickham would testify at trial, but only if the prior convictions could not be used for impeachment. Through counsel, Wickham also made an offer of proof concerning his expected trial testimony. Apparently, Wickham would have told the jury that he was an epileptic; that he could not consume large quantities of alcoholic beverages; that on the day of the accident he drank only a small amount of alcoholic beverage; and that the accident was caused by an epileptic seizure.

The trial court ruled that, if Wickham testified, he could be impeached with his perjury convictions under Alaska Rule of Evidence 609. Wickham did not testify. The jury found him guilty of manslaughter and third-degree assault. The trial court then sentenced him as a second-felony offender.

Wickham filed two separate appeals. The first challenged the trial court's order denying his motion to set aside the perjury convictions, and the second challenged the trial court's Rule 609 ruling. The appeals were consolidated for decision by the court of appeals. *See Wickham v. State,* 770 P.2d 757 (Alaska App.1989).

The court of appeals held that the trial court erred in ruling that Wickham's probation was automatically stayed and in denying Wickham's motion to set aside the perjury convictions on that ground. *Id.* at 760, 764. Accordingly, the court remanded the case for a set-aside hearing and indicated that Wickham could renew the appeal should the trial court find that Wickham is

---

**1.** Appellate Rule 206(a)(3) provides that "[a]n order placing the defendant on probation shall be stayed if an appeal is taken."

not entitled to a set-aside. *Id.* at 764–65. If granted a set-aside, Wickham would be entitled to resentencing as a first-felony offender. *Id.*

The court of appeals next held that it could address the substance of Wickham's claim of improper impeachment. The state, relying on *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), argued that Wickham had not preserved the issue for review because he did not testify at trial. The court declined to follow the holding in *Luce,* and found that the record was adequate for review even though Wickham had not testified. *Wickham,* 770 P.2d at 760–63.

On the substance of Wickham's claim, the court of appeals decided that the trial court did not abuse its discretion in ruling that the prior convictions were more probative than prejudicial, and thus use of them for impeachment was permissible under 609(a) and (c).[2] *Id.* at 763. However, the court could not decide whether resort to the convictions was precluded by Rule 609(d).[3] The question turned on (1) whether a conviction comes within, and is thus rendered inadmissible under, 609(d) once set aside and, if so, (2) whether the conviction must be set aside at the time of trial to come within 609(d). *Id.* at 763–65. The court requested additional briefing of these issues and retained jurisdiction pending remand for a set-aside hearing. *Id.*

The state sought review in this court, contending that a criminal defendant must testify at trial to preserve his right to appeal a trial court ruling permitting the use of prior convictions for impeachment purposes. We granted the state's petition for hearing.

## DISCUSSION

■ The state urges this court to adopt the holding of *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984): "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." *Id.* at 43, 105 S.Ct. at 464, 83 L.Ed.2d at 448.

In *Luce,* a defendant in a federal criminal trial moved *in limine* to prevent use of a prior conviction to impeach him if he testified. The district court denied the motion, finding the conviction admissible under Federal Rule of Evidence 609(a).[4] The defendant did not testify and was convicted. On appeal he argued that the *in limine* ruling was an abuse of discretion. The circuit court of appeals held that the ruling was nonreviewable because the defendant did not testify.

In a unanimous decision the United States Supreme Court affirmed, thus requiring federal criminal defendants to testify to preserve for review a claim of improper impeachment with a prior conviction. *Id.* The Court gave two reasons for its conclusion, both of which derive from one basic concern: "A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context." *Id.* at 41, 105 S.Ct. at 463, 83 L.Ed.2d at 447. First, the Court reasoned that because Rule 609(a) requires a weighing of the probative value of a conviction against its prejudicial effect, an appellate court is handicapped in making an abuse of discretion determination absent a record disclosing "the precise nature of the defendant's testimony." *Id.* The Court added that an offer of proof is no solution because the defendant's "trial testimony

---

**2.** Alaska Rules of Evidence 609(a) and (c) permit impeachment by prior conviction if the crime "involved dishonesty or false statement," and is more probative than prejudicial.

**3.** Alaska Rule of Evidence 609(d) prohibits impeachment by prior conviction if "(1) The conviction has been the subject of a pardon, annulment [sic], certificate of rehabilitation, or other equivalent procedure, and (2) the procedure under which the same was granted or issued re-

quired a substantial showing of rehabilitation or was based on innocence."

**4.** Federal Rule of Evidence 609(a) permits impeachment by conviction if the crime "(1) was punishable by death or imprisonment in excess of one year ... and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

could, for any number of reasons, differ from the proffer." *Id.*, n. 5.

Second, the Court explained that even if a trial court's *in limine* ruling proved to be incorrect, an appellate court is handicapped in making the harmless error determination. The Court stated:

> [A]lmost any error would result in the windfall of automatic reversal; the appellate court could not logically term "harmless" an error that presumptively kept the defendant from testifying. Requiring that a defendant testify in order to preserve Rule 609(a) claims, will enable the reviewing court to determine the impact any erroneous impeachment may have had in light of the record as a whole; it will also tend to discourage making such motions solely to "plant" reversible error in the event of conviction.

*Id.* at 42, 105 S.Ct. at 463–64, 83 L.Ed.2d at 448. The Court also identified the following factors which make the harm allegedly flowing from an erroneous *in limine* ruling "wholly speculative":

(1) The ruling is subject to change should the defendant testify;

(2) The reviewing court cannot be certain that the prosecution would have used the prior conviction to impeach unless the defendant testifies; and

(3) The reviewing court cannot be certain that the defendant's decision not to testify resulted from the adverse *in limine* motion.

*Id.* at 41–42, 105 S.Ct. at 463, 83 L.Ed.2d at 447–448.

Since the *Luce* rule was adopted pursuant to the Supreme Court's advisory power, it is not binding on the states. *People v. Collins*, 42 Cal.3d 378, 228 Cal.Rptr. 899, 722 P.2d 173, 177 (1986). Indeed, this court

has an independent power to promulgate rules of state criminal procedure under article IV, section 15 of the Alaska Constitution. *State v. Williams*, 681 P.2d 313, 315–19 (Alaska 1984). However, we find it persuasive that *Luce* was a unanimous decision and that a majority of state courts addressing the issue have adopted the *Luce* rule.[5] Moreover, we believe that the justifications underlying the *Luce* rule apply with equal force to Alaska criminal practice. Therefore, we adopt the *Luce* rule as a rule of state criminal procedure.

Wickham argues for a more flexible rule, which would permit appellate review so long as there is no "factual vacuum" in the trial court record. We recognize that, in some cases, the correctness of the trial court's ruling can be readily determined without the need for a concrete record. For example, in Wickham's case, his prior convictions for perjury have a rather obvious bearing on a character trait for untruthfulness. Moreover, because this crime specifically involves false statement, jurors would be more inclined to consider it for the limited purpose of impeachment. Thus, the applicability of Alaska Rule 609(a) and (c) could be "readily answered" by the court of appeals without the need for as detailed a trial court record as might be necessary in other cases. *See Wickham*, 770 P.2d at 763.

However, not all Rule 609 issues are so clear cut. Most notably, as the prior conviction becomes more similar to the charged offense, the potential for prejudice creates an increasingly difficult Rule 609 issue. *See* E. Cleary, *McCormick on Evidence*, § 43 at 99 (3d ed. 1984).

More importantly, even if the problems with reviewing the correctness of the rul-

---

**5.** *See State v. Brown*, 111 Wash.2d 124, 761 P.2d 588, 599 (1988); *Reed v. Commonwealth*, 6 Va.App. 65, 366 S.E.2d 274, 277 (1988); *People v. Finley*, 431 Mich. 506, 431 N.W.2d 19, 23–25 (1988); *Richardson v. State*, 733 S.W.2d 947, 956 (Tex.App.1987); *State v. Gentry*, 747 P.2d 1032, 1036 (Utah 1987); *State v. Harrell*, 199 Conn. 255, 506 A.2d 1041, 1046 & n. 11 (1986); *People v. Collins*, 42 Cal.3d 378, 228 Cal.Rptr. 899, 722 P.2d 173, 177–79 (1986); *State v. Moffett*, 729 S.W.2d 679, 681 (Tenn.Cr.App.1986); *People v.*

*Redman*, 141 Ill.App.3d 691, 95 Ill.Dec. 866, 490 N.E.2d 958, 964 (1986); *State v. Allie*, 147 Ariz. 320, 710 P.2d 430, 437 (1985); *Vaupel v. State*, 708 P.2d 1248, 1250 (Wy.1985); *State v. Garza*, 109 Idaho 40, 704 P.2d 944, 949 (1985); *State v. Glenn*, 285 S.C. 384, 330 S.E.2d 285, 286 (1985) (*per curiam*); *State v. Means*, 363 N.W.2d 565, 569 (S.D.1985). *But see State v. Whitehead*, 104 N.J. 353, 517 A.2d 373, 374–77 (1986); *State v. McClure*, 298 Or. 336, 692 P.2d 579, 583 (1984).

ing can be overcome, there remain unavoidable uncertainties surrounding the harmless error determination. As the United States Supreme Court stated, "[a]ny possible harm flowing from a [trial] court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative." *Luce*, 496 U.S. at 41, 105 S.Ct. at 463, 83 L.Ed. at 447.

Wickham's case also illustrates this point. The court of appeals held that the trial court did not abuse its discretion in ruling that the use of Wickham's prior convictions was permissible under Rule 609(a) and (c), but that such use may have been precluded under 609(d). Because the court retained jurisdiction and reserved ruling on the Rule 609(d) issue, the question of harmless error was not reached. However, if the court eventually decided that Rule 609(d) precluded resort to the convictions by impeachment, it would have had to address the question of harmless error, and it would have had to do so with an incomplete record.

Under the harmless error standard, the court of appeals must decide whether the admission of the prior conviction had an substantial effect on the jury's verdict. *Clifton v. State*, 751 P.2d 27, 30 (Alaska 1988); *Frankson v. State*, 645 P.2d 225, 228 n. 5 (Alaska App.1982). However, Wickham's decision against testifying, and thus the absence of evidence of his prior convictions, has rendered this inquiry wholly speculative.

Wickham argues that the court can perform this analysis by reviewing the record for indicia of guilt and determining the extent to which Wickham's proffered testimony would overcome this inference. This argument assumes that, were it not for threatened impeachment, Wickham would have testified; that his testimony would have mirrored the offer of proof; and that

the state would have introduced evidence of his perjury convictions. It also overlooks the possibility that other evidence, perhaps damaging to Wickham's defense, may have been presented upon cross-examination of, or in rebuttal to, his testimony. After Wickham testified to his epileptic condition and moderate drinking, the state may have elicited evidence showing that Wickham was advised not to drink any alcohol, or not drink when he drove. If so, the state could have supported its theory of recklessness, having shown a conscious disregard of the risks associated with drinking and driving in an epileptic condition. Or Wickham's claim of epilepsy might have been undercut by demonstrating that it had never been diagnosed or treated by a physician.

We need not, and perhaps could not, catalogue all of the avenues for cross-examination and rebuttal available to the state once Wickham testified. The point here is simply that the factual vacuum caused by the absence of the defendant's testimony creates an unacceptable level of speculation when making the harmless error determination. Therefore, we hold that a defendant must testify to preserve for review a claim of improper impeachment by prior conviction.[6]

■ This is not to say, however, that the *Luce* rule applies to this case. Because our decision establishes a new rule, arguably contrary to a prior rule in Alaska, we can elect to give it only prospective application. Three factors are considered when deciding whether to apply a new rule retroactively or prospectively: (1) The purpose to be served by the new rule; (2) the extent of reliance on the old rule; and (3) the effect on the administration of justice of a retroactive application of the new rule. *State v.*

6. Although not argued by Wickham, we recognize that this rule puts added pressure on the defendant to testify before a potentially prejudiced jury; the alternative being to forego appeal of an *in limine* ruling which may be erroneous. *See State v. McClure*, 298 Or. 336, 692 P.2d 579, 582–83 (1984); *People v. Collins*, 42 Cal.3d 378, 228 Cal.Rptr. 899, 722 P.2d 173, 186–87 (1986) (Broussard, J., dissenting). However, the *Luce* rule has not been held to be violative of the federal constitutional right against self-incrimination, and we perceive no conflict with the Alaska Constitution. We also point out that the defendant's apparent predicament is, to at least some extent, ameliorated by the availability of a petition for review of the *in limine* ruling in the court of appeals. *See* Appellate Rule 402.

*Glass,* 596 P.2d 10, 13 (Alaska 1979) (citations omitted).

The purpose of the *Luce* rule is to create a concrete record for appellate review of a trial court's ruling on the admissibility of the defendant's prior convictions for impeachment. This purpose would be furthered by application of the *Luce* rule to this case; since Wickham did not testify at his trial, there exists no concrete factual context for deciding the harmless error issue.

However, we think that considerations related to the second and third factors outweigh the first factor, and therefore, the *Luce* rule should not be applied to Wickham. Wickham claims that he relied on *Page v. State,* 725 P.2d 1082 (Alaska App. 1986), in believing that he need not testify to preserve his right to appeal the trial court's ruling that he could be impeached with his prior convictions. In *Page,* the court of appeals implied that procedures short of actually testifying could preserve the issue for appeal. The court adopted the "reasoning," not the holding, of *Luce. See id.* at 1086. The court also suggested that an offer of proof could serve as a factor weighing in favor of finding a record adequate for review. *Id.* at n. 4. Because the *Page* decision clearly suggested that a defendant need not testify to preserve the issue, Wickham's reliance on *Page* was justified. *See United States v. Givens,* 767 F.2d 574, 578 (9th Cir.1985) (retroactive application of *Luce* would "wreak a substantial inequity" by foreclosing review where

defendant complied with Ninth Circuit procedures since overruled by *Luce* ).

Similarly, other defendants whose cases have already been tried may have altered their trial tactics had they known that *Luce* would become the law. Thus, the negative effect on the administration of justice is potentially substantial. *Compare Glass,* 596 P.2d at 14–15 (new prohibition against warrantless electronic monitoring of conversations limited to prospective application, in part, because retroactive application would undermine the prosecution of cases currently in the legal system). Therefore, the rule adopted today will be given only prospective application.[7] We remand for proceedings consistent with this opinion.

COMPTON, Justice, with whom RABINOWITZ, Justice, joins, dissenting.

In adopting the *Luce* rule, the court finds persuasive the fact that "*Luce* was a unanimous decision and that a majority of state courts addressing the issue have adopted the *Luce* rule." At note 5 and accompanying text. Federal Rule of Evidence 609 and the rules of all the states cited by the court as having adopted the *Luce* rule, however, are broader than Alaska Rule of Evidence 609.[1]

The Federal rule permits impeachment by the same convictions that the Alaska rule permits, as well as "impeachment on the basis of any other conviction, if the

7. Several states adopting the *Luce* rule have given it only prospective application. *See, e.g., State v. Brown,* 111 Wash.2d 124, 761 P.2d 588 (1988); *State v. Gentry,* 747 P.2d 1032 (Utah 1987); *State v. Harrell,* 199 Conn. 255, 506 A.2d 1041 (1986); *People v. Collins,* 42 Cal.3d 378, 228 Cal.Rptr. 899, 722 P.2d 173 (1986).

1. *See* At n. 4; *see also* Ariz.R.Evid. 609 (similar to Fed.R.Evid. 609); Cal.Evid.Code § 788 (West 1989) (felony convictions admissible with limited exceptions); Conn.Gen.Stat.Ann. § 52–145 (West 1989) ("A person's ... conviction of crime may be shown for the purpose of affecting his credibility"); Idaho R.Evid. 609 (similar to Fed. R.Evid. 609); Ill.Ann.Stat. ch. 38 § 155–1 (Smith–Hurd Supp.1989) ("conviction may be shown for the purpose of affecting [witness's]

credibility"); Mich.R.Evid. 609 (conviction may be shown if crime involved dishonesty or false statement; the crime contained an element of theft, was a felony, and is more probative than prejudicial); Tex.R.Cr.Evid. 609 (similar to Fed. R.Evid. 609); S.C.Code Ann. § 19–11–60 (Law. Co-op.1976) (broader than Fed.R.Evid. 609); S.D.Codified Laws Ann. § 19–14–12 (1987) (similar to Fed.R.Evid. 609); Tenn.R.Evid. 609 (pre–1990 similar to Fed.R.Evid. 609, post–1989 defendant need not testify to preserve issue for appeal); Utah R.Evid. 609 (similar to Fed.R. Evid. 609); Va.Code Ann. § 19.2–269 (1983) (felony or perjury "conviction may be shown in evidence to affect [witness's] credit"); Wash.R. Evid. 609 (similar to Fed.R.Evid. 609); Wyo.R. Evid. 609 (similar to Fed.R.Evid. 609).

crime was punishable by death or imprisonment in excess of one year in the jurisdiction in which the witness was convicted and is more probative than prejudicial." Alaska Evidence Rules Commentary 609(a). The Alaska rule limits admissibility "to convictions involving crimes such as perjury, fraud, forgery, false statement, and other crimes in the nature of crimen falsi [and thus] sharpens the inquiry."[2] *Id.* As a result, the factual inadequacies associated with Rule 609 *in limine* rulings in federal practice are less likely to occur in Alaska practice.

In addition, resolution of this issue by adoption of the *Luce* rule is unnecessary from the perspective of judicial economy. While the federal circuit courts have been presented frequently with the issue of whether a defendant must testify to preserve for review a claim of improper impeachment with a prior conviction,[3] this case represents the first time our court of appeals has been squarely faced with the issue.

Indeed, in the two cases where *Luce* has been implicated, *Page v. State*, 725 P.2d 1082 (Alaska App.1986),[4] and *Wickham v. State*, 770 P.2d 757 (Alaska App.1989), the court of appeals has demonstrated an ability to distinguish between cases where the factual record was not adequate to permit review, *Page*, 725 P.2d at 1088–87, and cases where the record was adequate. *Wickham*, 770 P.2d at 761.

We have yet to build a significant body of jurisprudence regarding the weight to be given decisions of the court of appeals on issues where its expertise is significantly implicated. It is in cases such as this that we are given the opportunity to address this important issue. Since its inception in 1980, the court of appeals has had original appellate jurisdiction for all criminal prosecutions commenced in the superior court. AS 22.07.010–020. The experience gained by the court of appeals through its special jurisdiction, is a compelling reason why we should grant a high degree of deference to it on issues such as the one presented by this petition.

Taking into account the court of appeals' expertise with the subject matter, and the fact that it is in a better position then we to determine whether a record is adequate to permit meaningful review of a Rule 609 *in limine* ruling, we should defer to its approach to the issue. If the issue is brought before us for discretionary review, Appellate Rule 304, we can determine then whether the court of appeals abused its discretion.

The court of appeals stated:

The present case poses few of the uncertainties discussed in *Luce* and *Page*. Wickham's counsel made it clear that Wickham's decision to testify would depend on the court's ruling on the evidentiary issue. Wickham's counsel also made a reasonably detailed offer of proof as to Wickham's proposed testimony. Under the circumstances, the trial court had adequate information to enable it to balance the probative value of the impeachment evidence against its potential for prejudice to Wickham's case. The record leaves little room for doubt that the state would have introduced evidence of Wickham's perjury convictions had he testified. The trial court indicated that the convictions would be admissible to

---

**2.** *See* At nn. 2, 3.

**3.** *See, e.g., United States v. Kuecker*, 740 F.2d 496 (7th Cir.1984); *United States v. Luce*, 713 F.2d 1236 (6th Cir.1983), *aff'd* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *United States v. Lipscomb*, 702 F.2d 1049 (D.C.Cir.1983); *United States v. Halbert*, 668 F.2d 489 (10th Cir. 1982), *cert. denied*, 456 U.S. 934, 102 S.Ct. 1989, 72 L.Ed.2d 453 (1982); *United States v. Kiendra*, 663 F.2d 349 (1st Cir.1981); *United States v. Provenzano*, 620 F.2d 985 (3rd Cir.1980), *cert. denied*, 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980); *United States v. Toney*, 615 F.2d 277 (5th Cir.1980), *cert. denied*, 449 U.S. 985, 101 S.Ct. 403, 66 L.Ed.2d 248 (1980); *United States v. Cook*, 608 F.2d 1175 (9th Cir.1979), *cert. denied*, 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980); *United States v. Cavender*, 578 F.2d 528 (4th Cir.1989).

**4.** In *Page*, the court of appeals found the *Luce* reasoning persuasive in its review of an *in limine* ruling which would have allowed impeachment with the defendant's prior conviction under Alaska Evidence Rule 404(b). *Page*, 725 P.2d at 1086.

impeach Wickham, regardless of the substance of his testimony. We conclude that Wickham did not forfeit his right to appeal the admissibility of his perjury convictions by electing not to testify at trial.

*Wickham,* 770 P.2d at 762 (footnotes omitted).

It is my opinion that the court of appeals did not abuse its discretion in determining that the record in this case "is adequate to permit meaningful review." *Id.* at 761. As a result, I would dismiss the petition for hearing as improvidently granted.[5]

**5.** I find it difficult to determine which criterion of Appellate Rule 304 justifies discretionary review of this case.