Robert W. GROSS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8558.

Court of Appeals of Alaska.

Aug. 6, 2004.

David K. Allen, Assistant Public Advocate, Fairbanks, and Joshua P. Fink, Public Advocate, Anchorage, for the Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Robert W. Gross was charged with third-degree assault for pointing a handgun at two men. At trial, Gross's attorney proposed to call a character witness who would testify that he had known Gross since Gross was a boy, and that Gross was a peaceable person, not someone who would assault other people. The trial judge ruled that this character evidence was inadmissible unless Gross himself took the stand and denied committing the assault.

On appeal, the State concedes that the trial judge's ruling was wrong. The State's concession is well-founded.

Alaska Evidence Rule 404(a)(1) expressly authorizes the defendant in a criminal case to introduce evidence of a relevant trait of their own character. And when a defendant is charged with assaultive conduct (as Gross was), the trait of peaceableness is obviously relevant to the decision of the case—for if the defendant is characteristically peaceable, it is less likely that the defendant committed . the assaultive conduct alleged by the State.

Evidence Rule 404(a)(1) does not restrict the admissibility of this character evidence to trials in which the defendant takes the stand. Rather, as our supreme court recognized in *Freeman v. State*, this evidence is admissible regardless of whether the defendant chooses to testify.[1]

However, it is not clear that Gross is entitled to challenge the trial judge's ruling on

---

1. 486 P.2d 967, 972–73 (Alaska 1971).

appeal. Here, after the trial judge told the defense attorney that she would not allow Gross to introduce this character evidence unless Gross testified, Gross chose to testify so that he could also present the character evidence. This may have mooted any controversy regarding the trial judge's ruling.

Our supreme court addressed a similar situation in *State v. Wickham*, 796 P.2d 1354 (Alaska 1990). In *Wickham*, the trial judge ruled that if the defendant took the stand, the State would be allowed to impeach the defendant with evidence of his prior perjury convictions. Faced with this ruling, the defendant elected not to take the stand. The supreme court held that, because the defendant declined to force the issue by testifying and suffering the proposed impeachment, the defendant could not attack the judge's ruling on appeal. *Id.* at 1355–59.

Here, the trial judge ruled that Gross could not present his character evidence unless he testified. Rather than force the issue, Gross chose to testify. Under *Wickham*, Gross's decision to testify appears to have mooted any challenge to the trial judge's ruling.

■ Moreover, even if Gross were entitled to attack the trial judge's ruling in this appeal, the error in the trial judge's ruling was harmless. When the parties and the trial judge debated this evidentiary issue, Gross's trial attorney did not assert that Gross would have refrained from taking the stand had it not been for the trial judge's ruling. Rather, the defense attorney himself suggested that the court's ruling, although erroneous, was moot because Gross intended to testify.

The defense attorney's statements regarding Gross's intention to take the stand mirrored what the defense attorney had said earlier, in his opening statement. During that opening statement (which was delivered at the beginning of the trial), the defense attorney made various assertions of fact which apparently could not be proved except through the testimony of the defendant. These assertions drew an objection from the prosecutor, prompting the trial judge to call a bench conference. At this bench conference, the trial judge asked the defense attor-

ney if Gross was going to take the stand. The following colloquy ensued:

> *Defense Attorney:* Oh, yeah. Yeah, he's going to have to take the stand. I anticipate him . . .
>
> . . .
>
> *The Court:* Okay. Because you can't be saying this stuff and then not put him on. You can't get in . . .
>
> *Defense Attorney:* I know, but I think mostly—it's going to be his decision, but . . . I anticipate him testifying.

Indeed, shortly after the trial judge made the erroneous ruling concerning the admissibility of the proposed character evidence, Gross took the stand and gave his version of events. Following Gross's testimony, the defense called three character witnesses to testify that Gross was not a violent person.

In sum, even if Gross were entitled to attack the judge's evidentiary ruling in this appeal, the trial judge ultimately allowed Gross to present his character evidence, and there is no indication that Gross's decision to take the stand was influenced by the trial judge's erroneous ruling. We therefore conclude that the error was harmless.

The judgement of the superior court is AFFIRMED.