Emanual L. ITTA, Appellant,

v.

STATE of Alaska, Appellee.

No.  A–9873.

Court of Appeals of Alaska.

Sept. 5, 2008.

George J. Dozier Jr., Eagle River, for the Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

Emanuel L. Itta was convicted of assault in the first degree[1] for participating in an assault that seriously injured Ulak Hope Jr. Itta raises two issues on appeal.

Itta's first issue arises from the fact that, at trial, the State asked permission to introduce evidence of Itta's other assaultive conduct under Alaska Evidence Rule 404(b)(1). The trial judge, Superior Court Judge Mark I. Wood, ruled (based on the content of the State's case-in-chief) that the probative value of the proposed evidence was outweighed by its potential for unfair prejudice, and thus it would not be admitted. However, Judge Wood stated that if the defense presented a case, he might have to re-evaluate the admissibility of this evidence, depending on the content of the defense case.

Itta's attorney pressed Judge Wood for a firm ruling on whether, if Itta testified that he acted in defense of others, the judge would allow the State to introduce evidence of Itta's prior assaultive conduct. Judge Wood repeated that, from what he knew so far, he "would [probably] preclude that evidence." But he told the defense attorney, "[U]ntil I hear what your client is going to say, I can't be sure."

Itta did not present a defense, so Judge Wood made no further ruling on the admissibility of the other-crimes evidence.

In this appeal, Itta argues that Judge Wood was obliged to give him a definitive answer on the admissibility of the other-crimes evidence before Itta decided whether to exercise his right to testify. Itta asserts that Judge Wood infringed his right to testify when the judge declared that his final answer on this issue would depend on the content of the defense case—thus forcing Itta to make his decision whether to testify without knowing the final resolution of this evidence question.

■ The State, relying on the Alaska Supreme Court's decision in *State v. Wickham*[2] and this court's decision in *Sam v. State*,[3] argues that Itta forfeited his right to pursue this issue on appeal when he decided not to testify. But *Wickham* and *Sam* are not directly on point.

Both *Wickham* and *Sam* involved instances where the trial judge issued a firm ruling that the State would be allowed to introduce certain impeachment evidence if the defendant took the stand. *Wickham* and *Sam* hold that, if a defendant wishes to appeal this type of ruling (*i.e.*, an advance ruling regarding the scope of impeachment), the defendant must take the stand and suffer the impeachment.[4]

But in Itta's case, Judge Wood never ruled that the State's other-crimes evidence was admissible or would be admissible if Itta took the stand. Although Itta argues on appeal that Judge Wood *should* have ruled that the

1. AS 11.41.200(a).

2. 796 P.2d 1354 (Alaska 1990).

3. 842 P.2d 596 (Alaska App.1992).

4. *Wickham,* 796 P.2d at 1358; *Sam,* 842 P.2d at 599.

other-crimes evidence would be inadmissible regardless of the content of Itta's testimony, Itta's basic claim in this appeal is that he was entitled to a firm answer on the admissibility of this evidence—regardless of whether that answer was "yes" or "no"—before he made his decision whether to testify.

This claim—the assertion that Itta was entitled to demand that Judge Wood issue a final ruling on this matter before Itta made his decision whether to testify—is preserved for appeal. There is nothing speculative about this claim: Itta contends that the error was Judge Wood's refusal to make a final ruling. He argues that a defendant is entitled to know a judge's final decision on the admissibility of evidence before the defendant makes the decision whether to testify.

We therefore conclude that Itta is entitled to pursue this claim on appeal. However, we reject Itta's claim on its merits.

■■■ As this court has repeatedly explained in cases dealing with Evidence Rule 404(b)(1), once the State has identified one or more valid non-propensity purposes for the proposed other-crimes evidence, the question then becomes one of balancing the probative value of the evidence versus its potential for unfair prejudice under Evidence Rule 403.[5] And when a trial judge assesses the probative value of the other-crimes evidence, the judge can properly consider the importance of the evidence toward impeachment of a witness's testimony—including the defendant's own testimony, if the defendant chooses to testify.[6]

■■■ As the Alaska Supreme Court explained forty years ago,

> The general rule excludes evidence of prior crimes in a criminal trial because the [admission] of such evidence tends to [produce] confusion of issues, unfair surprise, and undue prejudice. But there are exceptions to the rule. Such evidence may

be admissible when it is particularly probative in showing such things as intent, an element in the crime, malice, motive, a system of criminal activity, ... or when the defendant has testified and the state seeks to impeach his credibility.[7]

Thus, even though Judge Wood had ruled (based on the content of the State's case-in-chief) that the State's proposed other-crimes evidence should not be admitted, it was proper for Judge Wood to warn Itta that his ruling on this issue might change, depending on the content of Itta's testimony—because the content of Itta's testimony might alter the balance between the probative value of the evidence and its potential for unfair prejudice.

Indeed, the rule that Itta proposes would create grave problems. If trial judges were required to give a defendant definitive rulings on these evidentiary matters before the defendant made the decision whether to take the stand, and if the defendant's testimony truly altered the balance between the probative value of the evidence and its potential for unfair prejudice, then either the trial judge would be powerless to amend the earlier ruling or the defendant could plausibly claim that he was improperly enticed to take the stand.

For these reasons, we reject Itta's argument that a trial judge must provide a definite and unalterable answer to the admissibility of other-crimes evidence before a defendant chooses whether to take the stand. Instead, we conclude that Judge Wood acted properly and forthrightly when he informed Itta and the defense attorney that his decision concerning the admissibility of this evidence might change, depending on the content of Itta's testimony.

■■■ Itta's remaining claim is that the State presented insufficient corroboration of the testimony offered by his accomplices.

5. *See, e.g., Kenison v. State,* 107 P.3d 335, 344 (Alaska App.2005); *Morrow v. State,* 80 P.3d 262, 268 (Alaska App.2003); *Beaudoin v. State,* 57 P.3d 703, 707–08 (Alaska App.2002).

6. *Gargan v. State,* 805 P.2d 998, 1003–04 (Alaska App.1991) (other-crimes evidence relevant to impeach a defendant's testimony as to a material

issue). *See also McIntyre v. State,* 934 P.2d 770, 773 (Alaska App.1997); *Jansen v. State,* 764 P.2d 308, 310–11 (Alaska App.1988); *Moor v. State,* 709 P.2d 498, 506–07 (Alaska App.1985).

7. *Mead v. State,* 445 P.2d 229, 234 (Alaska 1968) (footnotes omitted).

The major evidence against Itta was the testimony of the other participants in the assault. Alaska Statute 12.45.020 declares that a defendant may not be convicted based on the testimony of an accomplice unless that testimony "is corroborated by other evidence that tends to connect the defendant with the commission of the crime."

In *Oxenberg v. State*,[8] the Alaska Supreme Court interpreted this statute to require sufficient corroborative evidence to induce "in the minds of the jurors a rational belief that the accomplice was speaking the truth when he implicated the defendant in the criminal event." [9]

At Itta's trial, Fairbanks Police Officer David Elzey testified that he interviewed Itta following the assault. Itta told Officer Elzey that he was present when Hope was assaulted, and he ultimately admitted participating in the assault by hitting Hope in the chest. Trevor Britain also testified that Itta admitted his participation in the assault. In addition, the State presented evidence that the bottoms of Itta's shoes matched footprints that the police found at the scene of the assault. This evidence was sufficient to corroborate the accomplices' testimony that Itta was a participant in the assault.

Itta further contends that this corroborating evidence was insufficient to show that he committed assault in the first degree (as opposed to a lesser degree of assault). Itta argues that, apart from the accomplice testimony, the evidence was insufficient to show that he was criminally responsible for the serious injuries that Hope suffered to his head and face. But as we explained in *Brown v. State*,[10] "[t]here is no requirement that every element of an offense testified to by an accomplice be independently corroborated by other evidence." [11] Rather, AS 12.45.020 requires only independent corroboration of the defendant's "connect[ion] ... with the commission of the crime."

For these reasons, the judgment of the superior court is AFFIRMED.

---

**8.** 362 P.2d 893 (Alaska 1961).

**9.** *Id.* at 897.

**10.** 693 P.2d 324 (Alaska App.1984).

**11.** *Id.* at 329.