Jeremy V. WILLIAMS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10115.

Court of Appeals of Alaska.

Aug. 21, 2009.

**11.**  *Holt v. Powell,* 420 P.2d 468, 471 (Alaska 1966).

Gary L. Stapp, The Law Office of Gary L. Stapp, Inc., Fairbanks, for the Appellant.

Eric A. Ringsmuth, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

### OPINION

COATS, Chief Judge.

Jeremy V. Williams was charged with felony driving under the influence [1] based on an incident where he crashed his motorcycle near Fairbanks. Superior Court Judge Randy M. Olsen presided over Williams's trial. Under the procedure set out in *Ostlund v. State*,[2] Williams's trial was bifurcated so that the jury would not be informed of his prior convictions for driving under the influence before it decided whether he had driven under the influence on that particular occasion.

After Williams testified on direct examination, his attorney asked the court to instruct the jury on the lesser included offenses of reckless driving and negligent driving. Judge Olsen agreed that Williams was entitled to the instructions on the lesser included offenses but ruled that the State would then be "entitled to bring in [Williams's] previous convictions for [driving under the influence] to show his knowledge and to establish ... recklessness." Williams objected, arguing that his prior convictions were inadmissible because they merely tended to show his propensity to drive under the influence. But Judge Olsen rejected Williams's argument, and Williams then withdrew his request for the instructions. Williams's prior driving under the influence convictions were not admit-

ted into evidence. The jury ultimately convicted Williams.

■ On appeal, Williams argues that Judge Olsen erred in ruling that, if he instructed the jury on the lesser included offenses of reckless driving and negligent driving, the State would be entitled to introduce Williams's prior convictions for driving under the influence. We hold that because Williams withdrew his request for the instructions and because the State never introduced Williams's prior convictions for driving under the influence, Williams has not preserved this issue for appeal.

### Why we hold that Williams has not preserved this issue for appeal

■ In general, appellate courts do not review hypothetical rulings. For instance, in *State v. Wickham*,[3] the Alaska Supreme Court held that a defendant who declines to testify after the trial court rules that he could be impeached by prior convictions abandons any claim that the trial court's ruling was erroneous.[4] Similarly, in *Sam v. State*,[5] the defendant abandoned his diminished capacity defense after the trial court ruled that certain evidence would be admissible if he advanced that defense.[6] We held that the defendant's abandonment of his diminished capacity defense precluded review of the trial court's evidentiary ruling.[7] We have applied the rule set out in *Wickham* and *Sam* in numerous unpublished opinions, holding each time that the defendant had not preserved his objection to a conditional evidentiary ruling.[8]

The above cases point out several reasons why any appellate decision in these circumstances would be hypothetical and would re-

1. AS 28.35.030(n).

2. 51 P.3d 938 (Alaska App.2002).

3. 796 P.2d 1354 (Alaska 1990).

4. *Id.* at 1358.

5. 842 P.2d 596 (Alaska App.1992).

6. *Id.* at 598.

7. *Id.* at 598–99.

8. *See, e.g., Melovedoff v. State*, Alaska App. Memorandum Opinion and Judgment No. 5031 (Jan. 18, 2006), 2006 WL 120168; *Coleman v. State*, Alaska App. Memorandum Opinion and Judgment No. 4887 (June 23, 2004), 2004 WL 1418700; *Elze v. State*, Alaska App. Memorandum Opinion and Judgment No. 3631 (July 16, 1997), 1997 WL 401579; *Reid v. State*, Alaska App. Memorandum Opinion and Judgment No. 2825 (Dec. 15, 1993), 1993 WL 13157160.

quire an appellate court to speculate on whether an appellant was prejudiced by the challenged ruling.[9] First, we cannot be sure that Williams withdrew his request for lesser included offense instructions solely because of Judge Olsen's ruling. Second, had Williams persisted in this request, Judge Olsen might have changed his ruling or the State might have decided not to introduce evidence of Williams's prior convictions. Third, in the event that the trial court had allowed the State to introduce Williams's prior convictions, we would have had a record from which to determine whether, assuming this was error, the error was harmless. Without this record, any harmless error analysis would be inherently speculative.[10] Under these circumstances, we conclude that Williams has not preserved his objection to Judge Olsen's ruling for appeal.

Williams points out that after Judge Olsen ruled that lesser included offense instructions would open the door to evidence of his prior convictions for driving under the influence and Williams stated that he was withdrawing his request "under protest," Judge Olsen replied, "Okay. You'll have that preserved if need be." Williams argues that he relied on Judge Olsen's statement to conclude that he had preserved his argument for appeal. In context, Judge Olsen's comment was most likely a simple acknowledgment that Williams had made a statement for the record that he was withdrawing his request for lesser included offense instructions because of Judge Olsen's ruling. But, as we have stated, because Williams withdrew his request for lesser included offense instructions, Williams did not preserve Judge Olsen's ruling for appellate purposes. Moreover, Judge Olsen had no authority to exempt Williams from the rule announced in *Wickham* and *Sam*.

The judgment of the superior court is AFFIRMED.

---

**9.** See Wickham, 796 P.2d at 1356–58; Sam, 842 P.2d at 599.

**10.** See Wickham, 796 P.2d at 1357.