**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**July 5, 2012**

# In the Court of Appeals of Georgia

A12A0242. WARBINGTON v. THE STATE.

PHIPPS, Presiding Judge.

Richard Warbington appeals his judgment of conviction, challenging a pretrial ruling that one of his prior felony convictions constituted admissible impeachment evidence. For reasons explained below, Warbington has failed to demonstrate reversible error. We affirm.

Warbington was indicted on multiple charges stemming from his physical and verbal attacks upon his girlfriend, her family members, her friend, and her neighbor. Before his March 2011 jury trial began, Warbington moved to preclude the state from using his numerous prior convictions to impeach him if he testified. Warbington made no commitment that he would testify if his motion were granted, nor did Warbington proffer to the court what his testimony would be. The trial court ruled in

Warbington's favor, except in regard to two felony convictions, which the court determined fell within the category of permissible impeachment evidence under OCGA § 24-9-84.1. More specifically, the court ruled that a 2009 drug conviction was permissible under subsection (a) (2) and that a 2000 aggravated assault conviction was permissible under subsection (b) of OCGA 24-9-84.1. Warbington did not testify, however, and the two convictions were not introduced in evidence at trial. The jury returned guilty verdicts.[1]

In this appeal, Warbington challenges the pretrial ruling solely with respect to the older conviction. The governing provision, OCGA § 24-9-84.1 (b), "applies to prior felony convictions that are more than ten years old";[2] the sub-section excludes evidence thereof "unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Warbington maintains on appeal that the trial court erred in reaching the contested ruling, because the court improperly

---

[1] Two counts were merged for sentencing purposes, and Warbington was convicted on counts of aggravated assault committed against his girlfriend; child cruelty committed against her children; battery and terroristic threats committed against his girlfriend's friend; and terroristic threats against his girlfriend's neighbor.

[2] *Clay v. State*, 290 Ga. 822, 837 (3) (B) (725 SE2d 260) (2012).

balanced probative value and prejudicial effect.[3] Warbington asserts that the ruling contributed to his decision not to testify and effectively deprived him of his constitutional right to testify.

This appeal presents, as a threshold matter, an issue of first impression: whether, by choosing not to testify at trial, a defendant renders the record inadequate for meaningful review of a preliminary ruling that his prior conviction constitutes impeachment evidence under OCGA § 24-9-84.1 (b).

> Recognizing that the language of OCGA § 24-9-84.1 (b) mirrors that of Rule 609 (b) of the Federal Rules of Evidence and the statutes based on Rule 609 (b) that have been enacted by several other states, [the Supreme Court of Georgia has repeatedly] held that it is proper to look for guidance to the judicial decisions of the federal courts construing Rule 609 (b) and the courts of our sister states construing their statutes modeled on Rule 609 (b) in interpreting that provision.[4]

---

[3] See generally id. at 835-838 (3) (B) (providing guidance concerning the proper balancing under OCGA § 24-9-84.1 (b)).

[4] *Clay*, supra at 833 (3) (A) (citations and punctuation omitted); see *Allen v. State*, 286 Ga. 392, 395 (2) (687 SE2d 799) (2010); *Hinton v. State*, 280 Ga. 811, 819 (7) (631 SE2d 365) (2006).

Accordingly, we turn to *Luce v. United States*[5] and its progeny. In *Luce*, the district court had ruled upon the defendant's motion in limine that the prosecution would be allowed to introduce evidence of the defendant's prior conviction for purposes of impeachment if the defendant later testified.[6] The defendant declined to take the stand.[7] The court of appeals refused to consider whether the district court had abused its discretion in denying the motion in limine, determining that the defendant's failure to testify had waived the issue.[8] Acting on the defendant's petition for certiorari, the Supreme Court of the United States agreed, holding that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify."[9] The Court thus concluded that the court of appeals did not err by refusing to review the district court's (preliminary) ruling.[10]

---

[5] 469 U. S. 38 (105 SC 460, 83 LE2d 443) (1984).

[6] Id. at 39-40 (I).

[7] Id. at 40 (I).

[8] Id. at 40 (II), citing *United States v. Luce*, 713 F2d 1236 (6th Cir. 1983).

[9] *Luce*, 469 U. S. at 43 (III).

[10] Id.

In reaching that conclusion, the *Luce* Court gave a litany of reasons. First, to balance a prior conviction's probative value against its prejudicial effect to the defendant, "the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify."[11] "Requiring a defendant to make a proffer of testimony is no answer" because the defendant's trial testimony could, for any number of reasons, differ from his proffer.[12] Second, any possible harm flowing from an in limine ruling permitting impeachment by a prior conviction is "wholly speculative" because a trial court "is free, in the exercise of sound judicial discretion, to alter" such ruling as the case unfolds – particularly if the defendant's actual testimony differs from what was contained in the proffer.[13] Third, absent the defendant's actual testimony, a reviewing court has "no way of knowing whether the Government would have sought to impeach with the prior conviction."[14] If, for example, the Government's case is strong, and the defendant is subject to impeachment by other means, a prosecutor might elect to forgo using an arguably

---

[11] Id. at 41 (II) (footnote omitted).

[12] Id. at 41 (II), n. 5.

[13] Id. at 41-42 (II).

[14] Id. at 42 (III).

5

inadmissible prior conviction.[15] Fourth, because a defendant's decision whether to testify seldom turns on a single factor, the reviewing court cannot assume that the adverse ruling was the motivation for his decision not to take the stand.[16] Even if, in support of his motion, a defendant commits to testify if his motion is granted, such a commitment is virtually risk free because of the difficulty of enforcing it.[17] Fifth, even assuming that these difficulties could be overcome, the reviewing court would be unable to conduct a "harmless error" analysis if it determined that evidence of the prior convictions had been improperly admitted, because "the appellate court could not logically term 'harmless' an error that presumptively kept the defendant from testifying."[18] Thus, "almost any error would result in the windfall of automatic reversal."[19] On the other hand, requiring that a defendant testify in order to preserve his objection enables the reviewing court to determine the impact any erroneous impeachment may have had "in light of the record as a whole; it will also tend to

---

[15] Id.

[16] Id.

[17] Id.

[18] Id.

[19] Id.

discourage making such motions solely to 'plant' reversible error in the event of conviction."[20]

Not only have federal courts thus followed *Luce*, but a majority of the appellate courts of our sister states construing their statutes modeled on Federal Rule of Evidence 609 have found *Luce's* rationale persuasive and therefore hold that, unless a defendant has testified at trial, he cannot challenge on appeal a ruling allowing his prior conviction to be admitted for impeachment purposes.[21] Furthermore, although

---

[20] Id.

[21] See, e.g., *State v. Allie*, 710 P2d 430, 437 (III) (Ariz. 1985) (holding that the rule in Arizona remains that a defendant must have taken the stand before he can challenge an adverse pretrial ruling allowing prior convictions to be admitted for impeachment purposes, and noting that such holding is similar to that in *Luce*); *State v. Hunt*, 475 SE2d 722, 727 (NC 1996) (citing *Luce* and holding that, in order to preserve for appeal rulings made under North Carolina Rule of Evidence 609 (b), a defendant must testify at trial); *State v. Silvia*, 898 A2d 707, 718-720 (III) (RI 2006) (adopting the practice established for the federal courts in *Luce*, that to raise and preserve for review the claim of improper impeachment with a prior conviction under Rhode Island's Rule 609, a defendant must testify at trial); *Morgan v. State*, 891 SW2d 733, 735 (Tex. App. 1994) (citing *Luce* in holding that a defendant must testify in order to preserve a claim of improper impeachment through prior convictions); *State v. Gentry*, 747 P2d 1032, 1036 (III) (Utah 1987) (persuaded by *Luce's* rationale and therefore holding that to preserve for appellate review a claim of improper impeachment with a prior conviction, a defendant must testify); *Vaupel v. State*, 708 P2d 1248, 1250 (Wyo. 1985) (citing *Luce* in holding that, if an accused does not testify, he does not preserve for appeal the issue of the propriety of a ruling on his motion in limine). See further *State v. Derby*, 800 NW2d 52, 58-59 (II) (C) (Iowa 2011) (collecting and analyzing state court cases that discuss or decide whether, or

7

*Luce* involved impeachment with evidence of a conviction deemed admissible under Federal Rule of Evidence 609 (a) (1),[22] both federal courts and state courts have concluded that, with respect to the particular issue at hand here, there is no reason to distinguish Rule 609 (b) cases from Rule 609 (a) cases.[23]

As stated above, Georgia has not yet considered whether a defendant, who has chosen not to testify, may nevertheless prevail on his challenge to the trial court's preliminary ruling that a prior conviction constituted admissible impeachment

under what circumstances, an accused who does not testify is entitled to review of a trial court's ruling that evidence of prior convictions would be admissible to impeach the accused should he testify; noting further that a "strong majority of courts" have reached the conclusion reached in *Luce*).

[22] See *Luce,* 469 U. S. at 41 (II) (noting, for example, that Rule 609 (a) (1) directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant).

[23] See, e.g., *Fallon v. State*, 348 F3d 248, 254 (II) (C) (7th Cir. 2003) (the *Luce* rule, which deals with prior convictions admitted under Fed. R. Evid. 609 (a), applies with equal force to convictions admitted under Rule 609 (b)); *Vaupel*, supra (determining that the justification for the rule of *Luce* applied even more strongly in a case arising under state's version of Fed. R. Evid. 609 (b)). Accord *United States v. Weichert*, 783 F2d 23, 25 (2) (2d. Cir. 1986) (finding no reason to distinguish Rule 608 (b) cases from Rule 609 (a) cases because, under either rule, the trial court is required to balance probative value against prejudice, which balancing is dependent upon the specific factual context of the case); *United States v. Dimatteo*, 759 F2d 831, 832-333 (11th Cir. 1985) (the rationale underlying *Luce's* requirement with regard to Rule 609 (a) covers similar appeals from in limine rulings under Rule 608 (b)).

evidence under OCGA § 24-9-84.1. And we take into account that, in Georgia, where (as here) a direct appeal is taken, "any other ruling that will affect the case below . . . may potentially be considered by an appellate court . . . ."[24] Notwithstanding, it remains axiomatic that a conclusion that reversible error occurred requires a showing of error and harm[25] and that "[a]n appellant has the burden of proving trial court error by the appellate record."[26]

We are guided by *Linares v. State*[27] (albeit decided prior to the enactment of OCGA § 24-9-84.1[28]), wherein the Supreme Court of Georgia cited *Luce* precisely for

---

[24] *Jenkins v. State*, 284 Ga. 642, 643 (1) (670 SE2d 425) (2008) (explaining OCGA § 5-6-34). See OCGA § 5-6-34 (d), which pertinently provides, "Where an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere."

[25] *Shadron v. State*, 275 Ga. 767, 771 (5) (573 SE2d 73) (2002); *Prather v. State*, 275 Ga. 268, 271(3) (564 SE2d 447) (2002).

[26] *Finley v. State*, 286 Ga. 47, 50 (6) (685 SE2d 258) (2009) (punctuation omitted).

[27] 266 Ga. 812 (471 SE2d 208) (1996).

[28] Ga. L. 2005, p. 20, § 16.

9

its holding that "[a] defendant must testify to obtain review of [a] trial court's in limine ruling on the admissibility of a prior conviction for impeachment under Fed. R. Evid. 609."[29] Similar to the ruling contested here, the ruling at issue in *Linares* was the trial court's decision that the state could use for impeachment purposes the defendant's involuntary police statement, if he took the stand.[30] Like the circumstances here, the defendant in *Linares* did not take the stand and the state did not introduce the "impeachment" evidence.[31] And, like the argument posited in this case, the contention in *Linares* was that the trial court's evidentiary ruling had effectively deprived him of his constitutional right to testify.[32] The *Linares* Court cited the *Luce* holding in declining to reach the merits because, given the state of the record, "any review of his constitutional claim would be speculative."[33]

We conclude that the rationale underlying *Luce* and *Linares* controls here, where Warbington did not testify. The record consequently is not amenable to

---

[29] *Linares*, supra at 815 (3) n. 16.

[30] Id. at 815 (3).

[31] Id. at 814 (3).

[32] Id.

[33] Id. at 814-815 (3).

10

meaningful appellate review.[34] Because Warbington declined to testify, we will not speculate on the substantive merits of his contention that the trial court's pretrial ruling was prejudicial error.[35]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[34] See *Luce*, supra; *Linares*, supra.

[35] See *Weichert*, supra (holding that because appellant did not testify, the correctness of the pretrial ruling on the admissibility of impeachment evidence under Fed. R. Evid. 608 (b) was not raised and preserved for review); *Fallon*, supra (because the defendant chose not to testify at trial, he waived his right to claim that the district court improperly balanced the probative value of a prior conviction against the prejudicial effect to the defendant); *Dimatteo*, supra at 833 (holding that "under *Luce*, a defendant's decision not to present a witness whose credibility would have formed the basis of an evidentiary objection under Rule 608 (b) forecloses [the circuit court's] ability to review the claim that the district court might have erroneously allowed extrinsic evidence to impeach that witness in violation of Rule 608(b)"); see further cases set forth in n. 21, supra; accord *Linares*, supra.